443 A.2d 1182
**COMMONWEALTH of Pennsylvania**
v.
**Vincent N. BURKLEY, Appellant.**
Superior Court of Pennsylvania.

Submitted May 20, 1981.

Filed April 2, 1982.

Petition for Allowance of Appeal Denied Sept. 10, 1982.

John H. Corbett, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before MONTGOMERY, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence was insufficient to establish that he "possessed" a sharpened screwdriver that had been discovered during a search of his prison cell. For the reasons that follow, we reverse the judgment of sentence for possession of a prohibited offensive weapon, and affirm that for possession of a weapon or implement for escape.

It is well-settled that

> [i]n determining whether the evidence is sufficient in law to prove that a defendant is guilty beyond a reasonable doubt of the crime or crimes charged, we must, after a verdict of guilty, accept as true all of the evidence, direct or circumstantial, and all *reasonable* inferences arising from the evidence upon which the trier of facts could properly have based the verdict.

*Commonwealth v. Fortune*, 456 Pa. 365, 367, 318 A.2d 327, 328 (1974) (emphasis in original). So viewed, the facts are as follows: On December 14, 1978, two correctional officers discovered a sharpened screwdriver hidden within appellant's mattress during a "shakedown search" of his prison cell. All sixty-four cells in appellant's block were usually left unlocked during the day, and inmates were allowed to travel back and forth to recreational areas, leaving their cells unattended. Throughout the day, selected inmates clean the area, and collect and distribute the laundry. Appellant's cell contained a television set, prompting occasional visits from other inmates.

Appellant argues first that section 5122(a)(2) of the Crimes Code requires proof of "possession." We disagree. "Possession" is defined under the Crimes Code as "an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 301(c). "Our cases have construed this 'knowledge' or 'awareness' element as the exercise of conscious dominion or control over the [contraband]." *Commonwealth v. Rambo*, 488 Pa. 334, 337, 412 A.2d 535 (1980). Section 5122(a)(2), however, does not require a showing of "possession." Rather, it permits a conviction upon a showing of "control"—a less stringent standard. "An inmate commits a misdemeanor of the first degree if he unlawfully procures, makes, or otherwise provides himself with, or unlawfully has in his possession, *or under his control,* any weapon." 18 Pa.C.S.A. § 5122(a)(2) (emphasis added). In *Commonwealth v. Crowley*, 259 Pa.

Superior Ct. 204, 393 A.2d 789 (1978), under strikingly similar circumstances, we held that the language

"or under his control," was added by the 1974 Amendment. This Amendment manifests a legislative awareness of the difficulties of proving constructive possession in cases arising in prisons, because of the difficulty of proving "exclusive control" or "equal access." By permitting conviction upon proof of "control" only, the legislature avoided this difficulty.

*Id.*, 259 Pa.Superior Ct. at 210, 393 A.2d at 791. *See also Commonwealth v. Jackson*, 281 Pa. Superior Ct. 310, 422 A.2d 184 (1980); *Commonwealth v. Gilliam*, 273 Pa. Superior Ct. 586, 417 A.2d 1203 (1980). The evidence established that appellant was the sole inhabitant of the cell where the weapon was found secreted away inside his mattress. Such evidence was sufficient for the jury to find that the weapon was "under [appellant's] control" and thus properly convict him under section 5122(a)(2).

 Appellant argues next that the evidence was insufficient to establish "possession" under section 908(a) of the Crimes Code. We agree. "A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or *possesses* any offensive weapon." Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 908(a) (emphasis added). Unlike section 5122(a)(2), section 908(a) has not been amended to permit conviction upon proof of "control" only, and thus requires a showing of possession. "Absent literal possession, the Commonwealth may sustain its burden by showing constructive possession, which requires the Commonwealth prove that the accused had the *power to control* the contraband *and* the *intent to exercise that control." Commonwealth v. DeCampli*, 243 Pa. Superior Ct. 69, 74, 364 A.2d 454, 456 (1976) (emphasis added). *See also Commonwealth v. Rambo, supra; Commonwealth v. Fortune, supra; Commonwealth v. Sterling*, 241 Pa. Superior Ct. 411, 361 A.2d 799 (1976). Assuming, *arguendo*, that the screwdriver is a prohibited offensive weapon, the evidence fails to establish

that appellant had the intent to exercise control. "The Commonwealth had no direct proof that appellant knew of the presence of the weapon, which would be required to prove that he had the necessary intention to exercise control." *Commonwealth v. Armstead*, 452 Pa. 49, 52, 305 A.2d 1, 2 (1973) (evidence insufficient to show defendant knew firearm was in car). *See also Commonwealth v. Rambo, supra* (evidence insufficient to show defendant knew packages contained hashish); *Commonwealth v. Fortune, supra* (evidence insufficient to show homeowner knew drugs were in her house); *Commonwealth v. Sterling, supra* (evidence insufficient to show conscious dominion over hashish). The mere fact of appellant's residency in the cell is insufficient to raise the inference that he exercised the requisite intent to control the screwdriver when guards and other inmates had and exercised access to the cell. *Commonwealth v. Fortune, supra* 456 Pa. at 369, 318 A.2d at 320. The Commonwealth has thus failed to prove that appellant had conscious dominion over the weapon. Accordingly, we must reverse appellant's conviction for possessing a prohibited offensive weapon, and discharge him on that offense.*

---

* Appellant was sentenced to one and one-half to three years as a result of his convictions. The lower court, upon being reminded that appellant had been convicted on two charges, indicated that it would "cross-file the other one." We presume that the lower court intended concurrent one and one-half to three year terms on each of the charges. *See* Pa.R.Crim.P. 1406(a) (sentences presumed concurrent unless stated otherwise). When an appellant has been convicted and sentenced on more than one charge, and one of the convictions was subsequently held invalid, "the proper course is usually to vacate the sentences and remand for resentencing on the valid counts without consideration of the invalid one." *Commonwealth v. Lockhart*, 223 Pa. Superior Ct. 60, 65, 296 A.2d 883, 886 (1972), quoting *McGee v. United States*, 462 F.2d 243, 246 (2d Cir. 1972). In the present case, however, both convictions concern a single incident. The record is clear that the trial court treated them as a single offense when sentencing. Were we to remand, the same sentence would surely be given. Under these circumstances, "a remand would be a mere procedural exercise." *Commonwealth v. Grant*, 235 Pa. Superior Ct. 357, 366, 341 A.2d 511, 516 (1975). *See also Commonwealth v. Eberts*, 282 Pa. Superior Ct. 354, 422 A.2d 1154 (1980) (concurrent sentences may obviate the need for remand). Accordingly, we need not remand for resentencing.

Judgment of sentence for possession of a weapon or implement of escape affirmed, and judgment of sentence for possession of a prohibited offensive weapon is reversed and appellant discharged on that offense.