465 A.2d 1267

**COMMONWEALTH of Pennsylvania**

v.

**Edward N. WATTS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1983.

Filed Sept. 23, 1983.

Petition for Allowance of Appeal Denied Dec. 19, 1983.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

CAVANAUGH, Judge:

Appellant Edward N. Watts was found guilty following a non-jury trial of possession of an instrument of crime, possession of a prohibited offensive weapon, and possession of a weapon by an inmate. Post-verdict motions were denied and appellant was sentenced to three concurrent terms of imprisonment of one to five years. He has raised four claims on appeal. The lower court's opinion contains a thorough discussion of each of the claims raised by appellant and, with one exception, we feel that it is unnecessary to discuss the issues further.

■ We do wish to make one observation with regard to appellant's claim that the evidence was not sufficient to establish that he had "possession" of the homemade knife found in his prison cell under sections 907 and 908 of The Crimes Code because the evidence "showed that there was ample opportunity for someone to 'plant' the weapon in his locker." (Appellant's brief at 8–9). A similar claim was raised in the recent case of *Commonwealth v. Burkley*, 297 Pa.Super. 400, 443 A.2d 1182 (1982). In that case, prison officials had discovered a sharpened screwdriver hidden within the defendant's mattress during a "shakedown search" of his prison cell. We reversed his conviction for possession of an offensive weapon after finding that the Commonwealth had failed to establish actual or constructive possession. We stated, "The mere fact of appellant's residency in the cell is insufficient to raise the inference that he exercised the requisite intent to control the screwdriver when guards and other inmates had and exercised access to the cell." 297 Pa.Super. at 404, 443 A.2d at 1184. Similarly, the evidence in the instant case established that

guards and other inmates had access to appellant's prison cell. However, viewing the evidence in light most favorable to the Commonwealth as verdict winner, *Commonwealth v. Parker,* 494 Pa. 196, 198, 431 A.2d 216, 217 (1981), the evidence in the instant case also established that the weapon involved was found in a tightly locked cabinet, accessible only by using a key which was in the exclusive possession of appellant. Thus, this case is easily distinguished from *Burkley, supra.* We feel that the evidence in the instant case is sufficient to establish beyond a reasonable doubt that appellant was in possession of the weapon.

 We also note that appellant was improperly convicted and sentenced for two inchoate crimes, possession of an instrument of crime (18 Pa.C.S.A. § 907(a)) and possession of a prohibited offensive weapon (18 Pa.C.S.A. § 908(a)). Conviction and imposition of sentence on both of these charges is clearly prohibited by 18 Pa.C.S.A. § 906. *See Commonwealth v. Walls,* 303 Pa.Super. 284, 449 A.2d 690 (1982). This issue has not been raised by appellant but, because it involves the legality of the sentence imposed, we may raise it *sua sponte. Commonwealth v. Joseph Martin,* 316 Pa.Super. 190, 462 A.2d 859 (1983); *Commonwealth v. Thaddeus Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983); *Commonwealth v. Fortune,* 305 Pa.Super. 441, 451 A.2d 729 (1982). In light of the error committed by the trial court, we have the option either to remand for resentencing or to amend the sentence directly. *Commonwealth v. Thaddeus Ford, supra; Commonwealth v. Ronald Fulton,* 315 Pa.Super. 420, 462 A.2d 265 (1983); *Commonwealth v. Von Aczel,* 295 Pa.Super. 242, 441 A.2d 750 (1981). Since the trial court imposed identical sentences on the two charges, both of which are misdemeanors of the first degree, and directed that the sentences be served concurrently, it is clear that a remand for resentencing would not result in any change in the sentence. Therefore, we will vacate the judgment of sentence on the charge of possession of a prohibited offensive weapon, and affirm the

judgment of sentence on the charge of possession of an instrument of crime.

Judgment of sentence for possession of a prohibited offensive weapon is vacated. Judgments of sentence for possession of an instrument of crime and possession of a weapon by an inmate are affirmed.