**COMMONWEALTH OF PENNSYLVANIA,**
**Appellant,**

v.

**Alton Roy KUNKLE, Jr., Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 22, 2002.

Filed Jan. 14, 2003.

Reargument Denied March 20, 2003.

Michael Handler, Assistant District Attorney, Indiana, for Commonwealth, appellant.

Matthew T. Budash, Indiana, for appellee.

Before MUSMANNO, LALLY–GREEN and KLEIN, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from Alton Roy Kunkle's ("Kunkle") judgment of sentence following the trial court's denial of its Motion for modification of sentence. We affirm.

¶ 2 The trial court aptly summarized the facts of this case as follows:

On April 21, 2000, at the Inn Solidarity in Center Township, Indiana County, an undercover officer with the Indiana County Drug Task Force accompanied by a confidential informant purchased 6.5 grams of marijuana from [Kunkle]. On April 28, 2000, the confidential informant contacted a member of the Drug Task Force about a phone call with [Kunkle]. [Kunkle] contacted the confidential informant and explained that an ounce of marijuana could be purchased for $230.00 if the informant were to meet him at the Getty Heights Park in White Township. On that same day, the undercover officer, the confidential informant and [Kunkle] met at Getty Heights Park and a drug transaction occurred. The informant and the undercover officer purchased 27.0 grams of

marijuana from [Kunkle]. On May 3, 2000, the undercover officer contacted [Kunkle] in an effort to purchase marijuana. [Kunkle] told the undercover officer to meet him at the Inn Solidarity to purchase an ounce of marijuana for $240.00. The undercover officer met with [Kunkle] and purchased 26.4 grams of marijuana.

On August 2, 2001, [Kunkle] entered a guilty plea to the offense of Delivery of a Controlled Substance. On August 7, 2001, the Commonwealth provided notice of their intention to seek a mandatory minimum sentence of two years per 18 Pa.C.S.A. § 6317(a).[1] The [trial court] sentenced [Kunkle] on October 9, 2001. The Commonwealth presented no evidence at sentencing as to where the drug sale had occurred; nonetheless, the Court applied § 6317(a) and sentenced [Kunkle] to incarceration in a State Correctional Institution for a period of two to four years.

[Kunkle] filed a timely Motion for Modification of Sentence. In this, he alleged [the trial court] improperly applied § 6317(a) [to Kunkle's] sentence because the Commonwealth had failed to meet the burden of proof imposed upon it by 18 Pa.C.S.A. § 6317(b). After a hearing on the matter, [the trial court], by Order dated November 5, 2001, granted [Kunkle's] Motion, vacated the sentence imposed on October 9, 2001, and sentenced [Kunkle] to probation for a period of three years. Pursuant to Pa.R.Crim.P. Rule 721(a)(1), the Commonwealth filed a motion to modify sentence.

Trial Court Opinion, 12/21/01, at 1–2. On December 21, 2001, the trial court denied the Commonwealth's Motion for modification of sentence. This timely appeal followed.[2]

¶ 3 On appeal, the Commonwealth raises the following issue for our review: whether the trial court erred when it refused the Commonwealth's proffer of factual evidence to support its Motion for modification of Kunkle's sentence. *See* Brief of Appellant at 4.

¶ 4 The Commonwealth concedes that it did not meet the proof requirements of section 6317 at Kunkle's original sentencing hearing. *See id.* at 13. However, the Commonwealth argues that although sec-

1. Section 6317 of the Crimes Code provides in relevant part as follows:

   (a) General rule.—A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of ... The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred ... within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary....

   (b) Proof at sentencing.—The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

   18 Pa.C.S.A. § 6317.

2. *See* Pa.R.Crim.P. 721(B)(2)(b)(ii), which states that where the Commonwealth files a motion to modify sentence, the Commonwealth has 30 days to appeal from the court's disposition of its motion.

tion 6317(b) requires the Commonwealth to factually support its request for application of the sentencing enhancement, "[t]he statute contains no language indicating 'at sentencing' to mean at *original* sentencing." *Id.* at 14 (emphasis in original). We disagree.

¶ 5 Initially, we point out the following standards:

> When interpreting a statute, we are guided by several principles. Penal provisions must be strictly construed. 1 Pa.C.S.A. § 1928; *Commonwealth v. Henderson,* 444 Pa.Super. 170, 663 A.2d 728 (1995). Also, we construe words of a statute according to their plain and common meaning. 1 Pa.C.S.A. § 1903; *Grom v. Burgoon,* 448 Pa.Super. 616, 672 A.2d 823 (1996).

*Commonwealth v. Smith,* 710 A.2d 1179, 1181 (Pa.Super.1998).

¶ 6 Section 6317(b) of the Crimes Code states that "[t]he applicability of this section *shall* be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant *an* opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable." 18 Pa.C.S.A. § 6317(b) (emphasis added). If the Commonwealth disputes the trial court's refusal to apply the mandatory minimum, section 6317 provides a statutory right of appeal; however, section 6317 does not contemplate a second sentencing hearing where the Commonwealth failed to meet its burden at the first sentencing hearing. *See* 18 Pa.C.S.A. § 6317.

¶ 7 The trial court, in its Opinion, responded to the Commonwealth's assertion as follows:

> The Commonwealth contends it may use sentence modification to offer evidence to meet its § 6317(b) burden. The sentence enhancement provisions of

§ 6317 do not permit this approach. The Commonwealth must offer its proof to support sentence enhancement at sentencing; if the Commonwealth then disagrees with the Court's application of § 6317, its remedy is a direct appeal to the Superior Court. 18 Pa.C.S.A. § 6317(b) and (d). The Commonwealth's attempt, through a modification petition, to get a second bite at the sentencing apple is contrary to the sentencing process of § 6317.

Trial Court Opinion, 12/21/01, at 4.

¶ 8 Based on our review of the record, we agree with the trial court's determination that, under section 6317, the Commonwealth must present its evidence supporting a mandatory sentence enhancement at the original sentencing hearing. *See id.* Accordingly, we conclude that where, as here, the Commonwealth fails to meet that burden, the sentencing court shall not apply the sentence enhancement, and the Commonwealth cannot circumvent the mandates of section 6317 by filing a motion for modification of sentence. *See* 18 Pa. C.S.A. § 6317(b).

¶ 9 Based on the foregoing, we conclude that the trial court did not err when it refused to consider the Commonwealth's proffer of factual evidence in relation to its Motion for modification of sentence.

¶ 10 Judgment of sentence affirmed.

¶ 11 KLEIN, J., files a Concurring Statement.

CONCURRING STATEMENT BY KLEIN, J.

¶ 1 I concur with the result in this case that the Commonwealth cannot circumvent the mandate of 18 Pa.C.S.A. § 6317. Since the Commonwealth failed to present evidence that would trigger a mandatory sentence at the sentencing hearing, it can-

not accomplish this by filing a motion for modification of sentence *if* the trial judge refuses to entertain the motion. I note that since the trial judge has jurisdiction over a matter for thirty days following sentence, a trial judge in his or her discretion *could* vacate the sentence. In that case, there would be nothing to prevent a new sentencing hearing in which the Commonwealth would have the opportunity to present evidence that would trigger the mandatory.