COMMONWEALTH of Pennsylvania, Appellee

v.

Omari K. WILSON, A/K/A Kevin Weedon, Appellant.

Superior Court of Pennsylvania.

Submitted April 26, 2004.

Filed Dec. 28, 2004.

Reargument Denied Feb. 25, 2005.

Omari K. Wilson, Appellant, Pro Se.

Edward M. Marsico, Jr. Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before: KLEIN, POPOVICH and JOHNSON, JJ.

OPINION BY KLEIN, J.:

¶ 1 Appellant Omari K. Wilson, a/k/a Kevin Weedon, appeals *pro se* from his sentence of 4–10 years' imprisonment for unlawful delivery of a controlled substance. We hold that when the only issue is a statutory sentencing enhancement, such as the sale of drugs within 1,000 feet of a school, the Commonwealth must present its evidence at the initial sentencing hearing. This may include evidence from the trial and additional evidence presented at the sentencing hearing. If the Commonwealth fails to present such evidence, the defendant must be re-sentenced *without* the school zone enhancement, considering the guideline sentence absent the enhancement. The Commonwealth does not have the opportunity to undo its mistake and present new evidence at the re-sentencing hearing.

¶ 2 In this case, that is not what happened. At the resentencing hearing, the trial judge gave the opportunity to the Commonwealth to present new evidence to establish that the sale took place within 1,000 feet of a school zone. He reimposed the initial sentence as if the school zone enhancement applied. Therefore, we reverse and remand for re-sentencing using the guidelines that would be appropriate absent the school zone enhancement.

¶ 3 We note that this does not mean that the trial court cannot impose the same sentence if he can state sufficient reasons to deviate from the guideline sentence that applies absent the school zone enhancement. However, in this case it seemed clear that the reason for the length of the sentence was that it was within the standard range for a school zone case, and nothing was stated by the trial judge that would justify a sentence other than in the standard range.

¶ 4 We also note that it would be appropriate for a trial judge to refashion a sen-

tence if there are multiple charges and the reversal of the school zone enhancement would upset a sentencing scheme. However, that is not the circumstance in this case, since the only charge was the one sale of narcotics,

¶ 5 As noted, this is the second time this matter has been before this Court. Initially, the trial court sentenced Wilson to an identical 4–10 year term. This Court reversed the judgment of sentence because the trial judge applied the school zone enhancement when the Commonwealth presented no evidence at all, either at trial or at the sentencing hearing, that the sale was within 1,000 feet of a school. *Commonwealth v. Wilson*, 829 A.2d 1194 (Pa.Super.2003) ("*Wilson I*"). The trial court then held a new sentencing hearing in which the Commonwealth did present evidence that the sale was within 1,000 feet of a school.

¶ 6 The trial judge said in his opinion after re-sentencing, P. 4:

[W]hen a defendant challenges his sentence on appeal, he loses any expectation of finality and a remand for resentencing implicates no double jeopardy violation. *Commonwealth v. Sutton*, 400 Pa.Super. 291, 583 A.2d 500 (Pa.Super.1990; *see also Pa. v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404, 408 (1977) (vacated sentence is a nullity and defendant is restored to the status of the unsentenced).

Accordingly, it was proper for the trial court to receive evidence at the re-sentencing hearing which established that defendant's drug delivery took place within 1,000 feet of a school and to

follow the enhanced sentencing guidelines in imposing sentence.

¶ 7 Therefore, it is clear that the trial judge never considered sentencing within the guideline range *absent* the school enhancement. The Pennsylvania Legislature requires that evidence regarding such enhancements must be presented at the time of sentencing.[1] *See* 18 Pa.C.S. § 6317(b). The Commonwealth failed to do so and should not be allowed to present new evidence after a defendant raises this issue. Allowing the Commonwealth to present evidence in a situation such as this is a classic Catch–22. If a defendant does not complain about an improperly imposed sentencing enhancement, he or she is forced to serve a longer sentence that was not based upon statutorily mandated evidence. If a defendant does complain about an improperly imposed enhancement, the Commonwealth simply says "Oops" and presents the evidence it was required to present in the first place. The defendant is left in the same position he or she started in. The result fairly well renders an appeal on the issue moot. We cannot believe this was the intent of the legislature in enacting section 6371(b). Further, reading the statute in the above manner would produce an absurd result, which is specifically forbidden by 1 Pa.C.S. § 1922(1).

¶ 8 It is true that *Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super.1999), stands for the proposition that where a defendant appeals the judgment of sentence, he accepts the risk that the Commonwealth may seek a remand for re-sentencing if the appellate court upsets the original sentencing scheme of the trial court. The *Bartrug* decision, in turn, relies upon the Supreme Court decision in

---

1. This is not a particularly onerous requirement. Someone simply needs to go to the scene with a tape measure and then testify

that the point of sale was "X" number of feet from a school.

*Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1980). However, these cases turn on the relevance of a "sentencing scheme ." The Supreme Court stated in *Goldhammer*: "[w]hen a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan." *Id.* at 1283.

¶ 9 Here, Wilson has not challenged the sentencing scheme—one portion of several interdependent sentences—he has challenged the fact that the Commonwealth presented no evidence to support the application of a sentence enhancement. The enhancement was placed on a single sentence regarding a single conviction.

¶ 10 In *Commonwealth v. Kunkle*, 817 A.2d 498 (Pa.Super.2003), this Court refused to allow the Commonwealth to present evidence regarding the imposition of the school zone enhancement at a re-sentencing hearing, stating, "[S]ection 6317 does not contemplate a second sentencing hearing where the Commonwealth failed to meet its burden at the first sentencing hearing." *Id.* at 500. The difference between *Kunkle* and *Wilson* is that in *Kunkle* the Commonwealth filed a motion to modify the sentence, while here it is the defendant who challenged the sentence. This difference does not change the outcome.[2] No matter who challenges the suf-

ficiency of the evidence, section 6317 still does not allow the Commonwealth to present new evidence where it failed to meet its burden on the first go-around.

¶ 11 The ability to present evidence at the re-sentencing hearing was suggested in a footnote in *Wilson I* that stated:

We leave it to the Commonwealth to decide whether it will present evidence at re-sentencing that the drug buy occurred within a school zone, thereby allowing the sentencing court to conclude that the Commonwealth has met its burden.

829 A.2d at 1202 n. 6 (Pa.Super.2003).

This footnote does not address any issue specifically raised in the original appeal.[3] A review of the briefs in that appeal reveals nothing but silence on the issue of evidence regarding the re-sentencing hearing. Thus, it appears that the footnote is nothing more than *dicta* and is not binding on us.

¶ 12 The issue of submitting new evidence at a re-sentencing hearing was addressed in *Commonwealth v. Decker*, 433 Pa.Super. 402, 640 A.2d 1321 (1994).[4] *Decker* involved the application of the statutory enhancement for causing serious bodily injury while driving while intoxicated. 204 Pa.Code § 303.5(b). As is the

---

**2.** I note that in *Kunkle,* in a concurring statement, I discussed the situation where the judge on his or her own initiative vacated the sentence within 30 days while he or she still had jurisdiction. In *dicta* in a concurrence I indicated that in that circumstance, at a new sentencing hearing, the Commonwealth could present additional evidence to justify an enhancement. On further reflection, I believe I was wrong in *Kunkle* and should have just joined my distinguished colleagues, Judges Musmanno and Lally–Green. There is a balance between a judge's power to modify sentence and the requirement that the Commonwealth not have two bites at the sentencing apple. In *Kunkle,* 1 tipped the scales the wrong way. It does not matter whether the

trial judge on his or her own motion vacates the sentence to conduct a new sentencing hearing within 30 days, or the case goes back to the trial judge after we find the evidence insufficient. The Commonwealth cannot go back to correct its mistake by presenting new evidence.

**3.** Rather like the concurring statement I authored in *Kunkle.*

**4.** *Decker* does not necessarily represent binding precedent either. Although a published opinion, it was authored by Judge Brosky with Judges Wieand and McEwen concurring in the result.

case here, in *Decker* no evidence was presented at sentencing as to the injuries suffered by Decker's passenger. A presentence report did state the passenger had suffered a leg amputation. That was most certainly serious bodily injury. Nonetheless, because no evidence was formally presented, our court vacated the sentence and specifically stated that the lower court was bound to re-sentence solely on the underlying conviction without reference to the enhancement. While this decision may not be binding, the result does speak to the essence of the appeal. Therefore, we find the logic of *Decker* to be more persuasive than that found in a footnote that does not address an issue either raised or briefed.

¶ 13 We hold it is more appropriate to extend the logic of *Kunkle* and *Decker* in refusing the Commonwealth the opportunity to present evidence at a second sentencing hearing, than it is to extend the rationale of *Bartrug,* which applies to re-sentencing where an entire sentencing scheme has been upset.

¶ 14 Accordingly, we reverse and remand for still another sentencing hearing where the trial judge should disregard any sentencing enhancement in considering the guidelines and imposing sentence.

¶ 15 Judgment of sentence reversed and remanded for re-sentencing. Jurisdiction retained.

¶ 16 POPOVICH, J., files a Dissenting Opinion.

POPOVICH, J., Dissenting:

¶ 1 I disagree with the Majority's reversal of the judgment of sentence, which precludes the trial judge from entertaining any sentencing enhancement from the Commonwealth on remand.

¶ 2 The facts preceding this appeal are recounted by this Court in a prior appeal by Appellant; to-wit:

On March 22, 2001, [A]ppellant sold .47 of a gram of cocaine to a confidential informant and an undercover police officer. Following his arrest on April 22, 2001, the court appointed Diane Morgan, Esq., of the Dauphin County Public Defender's Office to represent [A]ppellant. Attorney Morgan received a Sentencing Guideline Form, dated August 14, 2001, indicating a standard sentence range of 21 to 27 months. Subsequently, newly appointed counsel, Justin J. McShane, Esq., also of the Dauphin County Public Defender's Office, received a revised Sentencing Guideline Form, dated February 12, 2002, indicating a standard range of 33 to 63 months, reflecting the addition of the sentencing enhancement required by 204 Pa.Code § 303.9(c) for delivery of a controlled substance within 1,000 feet of a school.

On February 13, 2002, following a guilty plea colloquy during which the court informed [A]ppellant that he could receive a maximum sentence of 20 years' incarceration, [A]ppellant entered an open plea of guilty to one count of delivery of a controlled substance. (Guilty plea transcript, 2/13/02 at 3, 5.) On March 28, 2002, the court sentenced [A]ppellant to four to ten years' incarceration. (Sentencing transcript, 3/28/02, at 7.)

At sentencing, [A]ppellant questioned the length of the sentence, claiming he had been told his sentence would range between 21 and 27 months. (*Id.* at 8.) The court then asked counsel for clarification, and Attorney McShane explained that he had reviewed the revised Sentencing Guideline Form with [A]ppellant on at least three occasions, and that Attorney Morgan had explained it to him at least once. (*Id.* at 9.) When

[A]ppellant continued to protest, the court informed [A]ppellant that the law only required that [A]ppellant be informed of the maximum sentence prior to entering an open guilty plea. (*Id.* at 10.)

Attorney McShane then filed a petition to withdraw as counsel, having been informed by [A]ppellant that he wished to proceed *pro se* so that he could raise counsel's ineffectiveness in his post-sentencing motion. The court granted counsel's petition on April 18, 2002, and, by order entered April 26, 2002, allowed counsel to withdraw and [A]ppellant to proceed, *pro se*, advising [A]ppellant he had ten days to file a post-sentencing motion or 30 days to appeal. (R. at 24–4.)

Appellant filed his *pro se* motion to modify and reduce sentence, claiming the school zone enhancement was not a part of the plea agreement; counsel told [A]ppellant the standard sentencing range was 21 months' imprisonment; and [A]ppellant was not charged with violating the school zone statute. (R. at 23–8). By order entered May 8, 2002, the court granted [A]ppellant's application to proceed *in forma pauperis* and denied his motion to modify and reduce sentence. (R. at 25–1.)[A] timely appeal followed, in which [A]ppellant raise[d two] issues[.]

*Commonwealth v. Wilson,* 829 A.2d 1194, 1196–97 (Pa.Super.2003) ("*Wilson I* ").

¶ 3 In *Wilson I,* this Court found that the absence of any documentation or reference to Appellant's sale of drugs within 1,000 feet of a school or school zone barred the enhanced sentence of 4 to 10 years imprisonment. As a result, we held the sentencing court erred in applying the school zone enhancement provision of the Sentencing Code at 204 Pa.Code

§ 303.9(c), and we vacated Appellant's sentence and remanded for re-sentencing.

¶ 4 On remand, "[a]t the re-sentencing hearing on September 4, 2003, the [C]ommonwealth presented evidence which established that the drug sale in question took place within 646 feet of the Downey Elementary School. [The sentencing court] immediately re-imposed [the] earlier sentence of 4–10 years." Court opinion, 12/4/03, at 2. There was no prohibition to the introduction of evidence to enhance sentence. In fact, *Wilson I* left it to the Commonwealth's discretion to introduce evidence of Appellant's proximity to a school at the time of the drug transaction to trigger the enhancement provision of the Sentencing Code at 204 Pa.Code § 303.9(c). *Wilson I,* 829 A.2d at 1202 n. 6. We found no error with vacating and remanding for re-sentencing in *Wilson I,* and I find no error with this procedure now as a means of rectifying an invalid sentence.

¶ 5 Further, in reply to the Majority, I would note that in *Commonwealth v. Kunkle,* 817 A.2d 498 (Pa.Super.2003), a panel of this Court affirmed the trial court's denial of the Commonwealth's motion to modify sentence, which sought to increase the defendant's *existing punishment* for selling drugs in violation of the prohibition (250 feet) of the Crimes Code to real property on which is located a recreation center, playground or on a school bus. *See* 18 Pa.C.S.A. § 6317.

¶ 6 In contrast, this Court in *Wilson I* *vacated an existing sentence and remanded for re-sentencing* to fill the void created in the punishment phase of the case by vacating the judgment of sentence. This opened the door to the Commonwealth's introduction of the proximity evidence lacking during the first (and basis for vacation of) sentence.

¶ 7 Traditionally, a defendant who secures a vacation of an illegal sentence on appeal exposes himself on remand to a potentially greater punishment than had been imposed initially. *See Commonwealth v. Bartrug,* 732 A.2d 1287, 1289–90 (Pa.Super.1999) ("where a defendant appeals a judgment of sentence, he accepts the risk that the Commonwealth may seek a remand for resentencing thereon if the disposition in the appellate court upsets the original sentencing scheme at the trial court."). It is of no moment that Appellant's sentence equals the original sentence imposed because a remand following vacation of sentence exposes the accused to the possibility of a sentence equal to the one originally entered. *Bartrug, supra.* Therefore, unlike the Majority, I find the trial court's receipt of evidence lacking in the initial sentencing hearing (concerning the location of Appellant at the time of the drug sale to a school zone) was permissible to establish the basis for a *new* sentence (and not the modification of an *existing* sentence condemned by *Kunkle* ) consistent with the Sentencing Code at 204 Pa. Code § 303.9(c).

¶ 8 A remand opened anew the entire sentencing process, otherwise this Court on the first appeal could have merely entered a sentence on appeal consistent with the offense committed, there being no "sentencing scheme" in place as observed by the Majority, as has occurred in the past. *See, e.g., Commonwealth v. Moran,* 450 Pa.Super. 283, 675 A.2d 1269 (1996); *Commonwealth v. Watts,* 319 Pa.Super. 137, 465 A.2d 1267 (1983); *Commonwealth v. Fulton,* 315 Pa.Super. 420, 462 A.2d 265 (1983); *Commonwealth v. Von Aczel,* 295 Pa.Super. 242, 441 A.2d 750 (1982) (option to either remand for re-sentencing or amend sentence directly on appeal).

¶ 9 Alternatively, in *Wilson I* the Court could have vacated the sentence and re-manded for re-sentencing with the proviso that the Commonwealth be precluded from introducing evidence of Appellant's location during the drug sale. *Wilson I* refrained from doing so, and, in fact, condoned the Commonwealth's introduction of said evidence. The Majority is attempting to undo that which a previous panel of this Court found to be appropriate, *i.e.,* introduce evidence to enhance Appellant's sentence.

¶ 10 I read the vacation and remand for re-sentencing in this case to allow the introduction of evidence in support of the new sentence. *See Commonwealth v. Kisner,* 736 A.2d 672, 675 n. 3 (Pa.Super.1999) (punishment for attempted rape and IDSI vacated because sentence not in accordance with grade specified by information and colloquy; in course of doing so, this Court stated: *"Our order necessarily vacates the whole sentence, not just the portion dealing with attempted rape."* Commonwealth v. Bartrug[, supra]. The trial court elected not to impose a penalty for indecent assault, terroristic threats, and imposed no prison term for the attempted IDSI conviction, which was also misgraded as a second degree felony; however, the court did so under the mistaken apprehension discussed above. So as not to disrupt its overall scheme, upon re[-]sentencing, the trial court may of course choose to impose sentence on these other counts; the aggregate may be equal to or greater than the sentence originally imposed, provided any increase is not the result of judicial vindictiveness. (citations omitted; emphasis added)).

¶ 11 Ironically, the defendant who appeals a sentence for multiple convictions (where the sentence is for less than all offenses) exposes himself on vacation of sentence to an increased punishment on remand for *all* offenses. *Kisner, supra.* Yet, as argues the Majority, a defendant

convicted of a single offense (upon vacation of sentence) does not expose himself to an equal or greater sentence upon remand. Such syllogism does not follow. The exposure to increased or equal punishment on remand from a vacated sentence applies equally to a defendant guilty of multiple offenses or one guilty of a single offense, and there is no indication in the law that the latter should be afforded preferential treatment over the former.

¶ 12 Unable to join the Majority's view to the contrary, I respectfully dissent.