934 A.2d 1191

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Omari K. WILSON, a/k/a Kevin Weedon, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 6, 2006.

Decided Nov. 20, 2007.

Edward Michael Marsico, Jr., Harrisburg, James Patrick Barker, Williamsport, for the Com. of PA., appellant.

Omari K. Wilson, appellee pro se.

Karl Baker, Peter Rosalsky, Philadelphia, for Defender Association of Philadelphia, amicus curiae.

BEFORE: CAPPY, C.J., CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## *OPINION*

Chief Justice CAPPY.

This appeal raises the issue of whether the Commonwealth is permitted to present evidence of the youth/school sentence enhancement set forth at 204 Pa.Code § 303.9(c)[1] at a sen-

---

1. Section 303.9(c) provides:

 (c) *Youth/School Enhancement sentence recommendations.* If the court determines that an offender violated the drug act pursuant to § 303.10(b), 12 months shall be added to the lower limit of the standard range of the applicable sentencing matrix and 36 months shall be added to the upper limit of the standard range of the applicable sentencing matrix. The range of sentences (i.e.—standard range) shall be considered by the court for each combination of Offense Gravity Score [OGS] and Prior Record Score [PRS].
 204 Pa.Code § 303.9(c).
 Section 303.10(b) provides:
 (b) *Youth/School Enhancement*
 (1) When the court determines that the offender either distributed a controlled substance to a person or persons under the age of 18 in violation of 35 P.S. § 780–114, or manufactured, delivered or possessed with intent to deliver a controlled substance within 1000 feet of the real property on which is located a public or private elementa-

tencing hearing on remand after Appellee's initial sentence was vacated due to insufficient evidence supporting the enhancement. Because Appellee's sentence had been vacated and the matter remanded for a new sentencing hearing, the original sentence was rendered a nullity and the trial court did not err in treating the case anew for evidentiary purposes. At the second sentencing hearing, sufficient evidence was presented to support the sentence enhancement. Accordingly, we reverse the order of the Superior Court, which reversed the trial court's imposition of sentence pursuant to the sentence enhancement provision.

The record establishes that on March 22, 2001, Appellee Omari K. Wilson sold .47 of a gram of cocaine to a confidential informant and an undercover police officer. On February 13, 2002, following a guilty plea colloquy during which the court informed Appellee that he could receive a maximum sentence of 20 years of incarceration, Appellee entered an open plea of guilty to one count of delivery of a controlled substance. On March 28, 2002, the trial court applied the youth/school enhancement and sentenced Appellee to 4 to 10 years of incarceration.

At sentencing, Appellee questioned the duration of the sentence, claiming that he had been informed that his sentence would range from 21 to 27 months of incarceration. When the court asked for clarification, Appellee's counsel stated that he had reviewed with Appellee the revised Sentencing Guidelines Form, which indicated a standard range of 33 to 63 months, reflecting the addition of the sentencing enhancement required by 204 Pa.Code § 303.9(c) for delivery of a controlled substance within 1,000 feet of a school. When Appellee continued to protest, the trial court informed him

ry or secondary school, the court shall consider the range of sentences described in § 303.9(c).

(2) The Youth/School Enhancement only applies to violations of 35 P.S. § 780–113(a)(14) and (a)(30).

(3) The Youth/School Enhancement shall apply to each violation which meets the criteria above.

204 Pa.Code § 303.10(b).

that the law only required that he be informed of the maximum sentence prior to entering an open guilty plea.

Appellee's attorney filed a petition to withdraw as counsel after Appellee informed him that he wished to proceed *pro se* so that he could raise counsel's ineffectiveness in his post-sentencing motion. The trial court granted the petition to withdraw and Appellee filed a *pro se* motion to modify and reduce sentence, which the trial court denied.

On appeal to Superior Court, Appellee raised multiple issues, including the claim that the trial court improperly increased his sentence under the youth/school enhancement because there was no evidence establishing that the drug sale in fact occurred within 1,000 feet of a school. The Superior Court reversed and remanded for resentencing. *Commonwealth v. Wilson*, 829 A.2d 1194 (Pa.Super.2003) (*"Wilson I"*). It held that "the sentencing court erred when it applied the school zone enhancement with no facts in the record—either the complaint, the information, the guilty plea colloquy, or the sentencing hearing—to support the enhancement." *Id.* at 1202. In a footnote, the court further stated:

> We leave it to the Commonwealth to decide whether it will present evidence at re-sentencing that the drug buy occurred within a school zone, thereby allowing the sentencing court to conclude that the Commonwealth has met its burden.

*Id.* at n. 6.[2]

At the resentencing hearing on September 4, 2003, the Commonwealth presented evidence establishing that the drug sale in question took place within 646 feet of Downey Elementary School. Relying on this new evidence, the trial court again applied the youth/school enhancement and reimposed its earlier sentence of 4 to 10 years of incarceration. It found that when a Sentencing Guidelines enhancement provision is erroneously applied, the proper procedure is for Superior Court to vacate the sentence and remand for resentencing. The trial court held that it properly received evidence of the

**2.** The Superior Court dismissed or denied Appellee's remaining claims.

sentence enhancement at the resentencing hearing because the initial sentence had been vacated and Appellee lost any expectation of finality when he challenged his sentence on appeal.

The Superior Court reversed and again remanded for resentencing, *Commonwealth v. Wilson*, 866 A.2d 1131 (Pa.Super.2004) (*"Wilson II"*). It held that "when the only issue is a statutory sentencing enhancement, such as the sale of drugs within 1,000 feet of a school, the Commonwealth must present its evidence at the initial sentencing hearing." *Id.* at 1132. If the Commonwealth fails to present such evidence, the court held that the defendant must be resentenced without the school zone enhancement. *Id.*

The Superior Court relied upon Section 6317 of the Crimes Code, 18 Pa.C.S. § 6317, which provides that a person convicted of delivery or possession with intent to deliver a controlled substance shall receive a minimum sentence of two years if the delivery or possession with intent to deliver occurred within 1,000 feet of school property. It emphasized the statutory language, which stated that applicability of Section 6317 must be presented at the time of sentencing. The court found that interpreting Section 6317 to permit the Commonwealth to present new evidence after it failed to do so at the original sentencing hearing would produce an absurd result, which is specifically forbidden by 1 Pa.C.S. § 1922(1). 866 A.2d at 1133.[3]

The Superior Court acknowledged that *Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super.1999), stands for the propo-

---

3. The Superior Court overlooked the fact that the trial court *never* invoked Section 6317. The trial court opinion in *Wilson I* explained that the district attorney did not request, nor did it impose, any mandatory minimum sentence pursuant to Section 6317. Trial Court Opinion dated January 17, 2003 at 3. Rather, the court relied on the "youth/school enhancement" found in the Sentencing Guidelines. The trial court in *Wilson II* likewise did not impose its sentence pursuant to Section 6317 and acknowledged the same in its opinion. Trial Court Opinion dated December 4, 2003 at 3 (distinguishing *Commonwealth v. Kunkle*, 817 A.2d 498 (Pa.Super.2003), on the ground that it was examining the language of the mandatory minimum provisions of Section 6317, whereas the instant case involved the enhancement provisions of the Sentencing Guidelines).

sition that when a defendant appeals the judgment of sentence, he accepts the risk that the Commonwealth may seek a remand for resentencing if the appellate court upsets the original sentencing scheme of the trial court. The *Wilson II* court, however, held that such proposition is not applicable to the case at bar because Appellee did not challenge the "sentencing scheme," but rather the placement of the enhancement on a single sentence regarding a single conviction. 866 A.2d at 1134. It relied on *Commonwealth v. Kunkle*, 817 A.2d 498 (Pa.Super.2003), as holding that Section 6317 of the Crimes Code does not contemplate a second hearing when the Commonwealth failed to meet its burden at the first sentencing hearing. 866 A.2d at 1134.

Finally, the court recognized that the *Wilson I* footnote appeared to afford the Commonwealth discretion to present new evidence upon resentencing, but concluded that such language was *dicta* as it was not raised by the parties or briefed. It found more persuasive the plurality opinion in *Commonwealth v. Decker*, 433 Pa.Super. 402, 640 A.2d 1321 (1994), which held that the Commonwealth cannot present new evidence of a sentencing enhancement at a sentencing hearing on remand when it failed to do so at the initial sentencing hearing. 866 A.2d at 1135.

Judge Popovich filed a dissenting opinion in which he found no error in rectifying an invalid sentence by allowing the Commonwealth to present sentence enhancement evidence on remand. He distinguished *Kunkle* on the ground that the Commonwealth there sought to increase an *existing* punishment via a petition to modify sentence, whereas in the instant case the sentence was *vacated* and remanded for resentencing, which opened the door to the Commonwealth's introduction of the proximity evidence lacking during the first sentencing proceeding. 866 A.2d at 1136. The dissent further concluded that the majority could not undo what a previous panel found to be appropriate in *Wilson I*, *i.e.*, allow the presentation of new evidence in support of the sentence enhancement upon remand. 866 A.2d at 1137.

■ We granted allocatur to determine whether sentence enhancement evidence may be presented for the first time at a resentencing hearing and whether punishment in a criminal case involving a single count constitutes a sentencing "scheme." These issues present questions of law regarding the admission of evidence at a resentencing hearing and do not directly challenge the discretionary aspects of Appellee's sentence. *See Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 968 (2007) (providing that while 42 Pa.C.S. § 9781(f) precludes our Court from reviewing discretionary aspects of sentencing, it does not preclude review of the application of legal principles). As the issues on appeal are questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Yuhasz*, 592 Pa. 120, 923 A.2d 1111, 1114 (2007).

■ The Commonwealth argues that the Superior Court erred by holding that it could not present sentence enhancement evidence at the second sentencing hearing. Relying on *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978), the Commonwealth maintains that when the original sentence was vacated, it became a nullity and, absent double jeopardy concerns which are not present here, resentencing should proceed as if no intervening proceedings had occurred. In *Colding*, the issue was whether a previously vacated sentence of incarceration, which was replaced by probation, puts any limitation upon a trial court when the defendant is facing resentencing after the probation was revoked due to violation of its terms. We held that the vacated sentence of incarceration placed no such limit on the trial court because it has no legal effect.

Additionally, in a purported effort to analogize the instant case to *Bartrug*, the Commonwealth argues that punishment in a criminal case involving a single count constitutes a sentencing "scheme." It asserts that because a properly imposed sentence is a plan or program of action, the entirety of the sentence, including any fines, probation, confinement, or restitution constitutes a sentencing scheme carried out pursuant to Section 9721 of the Sentencing Code. 42 Pa.C.S. § 9721

(entitled, "Sentencing generally"). It argues that a ruling that upsets the trial court's consideration of sentencing factors warrants resentencing, regardless of the number of counts of conviction. The Commonwealth concludes that by appealing his judgment of sentence, Appellee had no legitimate expectation of finality, and no case law or statute deprived the sentencing court of its authority to resentence after remand.

■ We agree with the Commonwealth that Appellee had no legitimate expectation of finality in his sentence after he has filed an appeal therefrom. *Commonwealth v. Kunish*, 529 Pa. 206, 602 A.2d 849, 853 (1992) (holding that when a defendant challenges the original sentence, appeals from the conviction, or otherwise challenges the conviction or sentence, no legitimate expectation of finality will attach). The term "vacate" means "To nullify or cancel; make void; invalidate <the court vacated the judgment>. Cf. OVERRULE." Black's Law Dictionary 1584 (8th ed. 2004). When the original sentence was vacated, the sentence was rendered a legal nullity and there is no controlling authority precluding the Commonwealth from presenting sentence enhancement evidence on remand. This is true regardless of the fact that the punishment was imposed upon a single count of delivery of a controlled substance and arises instead from the procedural posture of the case at bar, *i.e.*, a vacation of sentence and a remand for a new sentencing hearing.[4] Once Appellee's sentence was vacated, the admissibility of evidence at the second sentencing hearing became a matter committed to the sound discretion of the trial court as no restraints were placed upon the trial court's exercise of its discretion in this regard. *See Commonwealth v. Jones*, 433 Pa.Super. 266, 640 A.2d 914, 919–20 (1994) (recognizing that when a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh); *Commonwealth v. Losch*, 369 Pa.Super. 192, 535 A.2d 115 (1987) (same). We emphasize that, contrary to the Superior Court's determination, Appellee is not in the same position as he was

---

4. We, therefore, do not address the second issue raised in the Commonwealth's brief.

after the initial sentencing proceeding because the Commonwealth has been put to the burden of demonstrating that the youth/school sentence enhancement applies.

█ Appellee's contentions to the contrary in his *pro se* brief and the arguments made on Appellee's behalf by the Defender Association of Philadelphia ("Defender Association") are not persuasive. Appellee first argues that the Commonwealth should not receive a second opportunity to present sentence enhancement evidence when it had a full and fair opportunity to do so at the initial sentencing hearing and failed to satisfy its burden. He relies on *Commonwealth v. McMullen*, 745 A.2d 683 (Pa.Super.2000), *alloc. denied*, 563 Pa. 700, 761 A.2d 549 (2000), for the proposition that double jeopardy is violated when an appellate court finds insufficient evidence to sustain the verdict. He maintains that when the *Wilson I*, court reversed his sentence due to the insufficiency of evidence supporting the enhancement, he was in fact "acquitted" of the enhancement and should be resentenced without reference to the enhancement provision. In support of the proposition that enhancement evidence cannot be presented on remand, Appellee relies on the mandatory minimum sentencing provision of Section 6317 of the Crimes Code, which he argues requires the presentation of enhancement evidence at the *initial* sentencing hearing. He further relies on the Superior Court's decisions in *Commonwealth v. Kunkle, supra*, and, *Commonwealth v. Decker, supra*.

In its *amicus curiae* brief filed on Appellee's behalf, the Defender Association candidly concedes that Appellee has no double jeopardy claim because the United States Supreme Court made clear in *Monge v. California*, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), that federal double jeopardy protections permit non-capital resentencing where the original sentence is reversed on appeal due to insufficient evidence supporting a statutory recidivism sentence enhancement.[5] It

5. The United States Supreme Court in *Monge* held that the Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, does not extend to non-capital sentencing proceedings. It reasoned that sentence enhancements have

argues that while federal double jeopardy protections do not apply to non-capital resentencing proceedings, the policy considerations and the rules developed pursuant to such protections are relevant and warrant our consideration. The Defender Association argues that, as a matter of sound judicial policy, the Commonwealth should not be permitted to make repeated attempts to impose a sentence enhancement because it is a waste of judicial resources, subjects the accused to embarrassment and expense, and causes the accused to live in a state of anxiety. It further contends that the Commonwealth waived its right to present evidence of sentence enhancement by electing not to do so at the first sentencing hearing. Finally, the Defender Association argues that allowing the presentation of enhancement evidence at the resentencing hearing gives the Commonwealth a windfall from the sentencing court's error at the original sentencing hearing.

The Defender Association properly recognizes that the United States Supreme Court's decision in *Monge* renders Appellee's double jeopardy argument meritless.[6] Appellee fails to appreciate the difference between the insufficiency of evidence supporting a conviction and the insufficiency of evidence supporting a sentencing enhancement. We decline the Defender Association's invitation to nevertheless rely on the policy considerations inherent in a double jeopardy analysis. Moreover, we see no need to address Appellee's argument relating to the mandatory minimum sentencing provision of Section 6317 because, as referenced in note 3, *supra*, that provision was not applied in this case and is irrelevant to the issue of the admissibility of evidence of the youth/school

not been construed as additional punishment for the previous offense. *Id.* at 728, 118 S.Ct. 2246. Unlike a finding of insufficient evidence to support a conviction, the Court noted that sentencing decisions favorable to the defendant cannot generally be analogized to an acquittal. *Id.* at 729, 118 S.Ct. 2246.

6. We have previously held that the double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive. *Commonwealth v. Fletcher*, 580 Pa. 403, 861 A.2d 898, 912 (2004). Appellee offers no argument to suggest that the state constitution provides greater double jeopardy protection under the circumstances of this case.

sentence enhancement sentence under the Sentencing Guidelines.

Finally, this Court finds Appellee's reliance on *Kunkle* and *Decker* to be misplaced. In *Kunkle,* the trial court sentenced the defendant pursuant to Section 6317, regardless of the fact that the Commonwealth failed to present evidence establishing that such mandatory minimum provision applied. The defendant filed a motion for modification of sentence. Following a hearing, the trial court granted the motion for modification, vacated the sentence, and imposed a term of probation without applying the mandatory minimum sentence. The Commonwealth filed a motion to modify the sentence and proffered factual evidence in support of the enhancement. The trial court denied the Commonwealth's motion and proffer.

In affirming the trial court's judgment of sentence, the Superior Court held that Section 6317 did not contemplate a second sentencing hearing where the Commonwealth failed to meet its burden at the first sentencing hearing. 817 A.2d at 500. It concluded that when the Commonwealth fails to meet that burden, the sentencing court shall not apply the sentence enhancement and the Commonwealth cannot circumvent the mandates of Section 6317 by filing a motion for modification of sentence. *Id.*

As noted in Judge Popovich's dissent, *Kunkle* is distinguishable on the ground that the Commonwealth there sought to increase an *existing* punishment via a petition to modify sentence whereas in the instant case the sentence was *vacated* and remanded for resentencing, which opened the door to the Commonwealth's introduction of the proximity evidence lacking during the first sentencing proceeding.[7] Moreover, *Kun-*

---

7. The concurring statement in *Kunkle* recognized this distinction as follows:

> I note that since the trial judge has jurisdiction over a matter for thirty days following sentence, a trial judge in his or her discretion *could* vacate the sentence. In that case, there would be nothing to prevent a new sentencing hearing in which the Commonwealth would have the opportunity to present evidence that would trigger the mandatory.

*kle* relied upon the language of Section 6317, which is inapplicable here.

In *Decker*, during the guilty plea colloquy, the Commonwealth failed to present evidence supporting a sentencing enhancement applicable when a drunk-driving defendant's conduct results in serious bodily injuries to the victim. Nevertheless, the trial court sentenced the defendant in accordance with the enhancement provision. The Superior Court held that the trial court erred in applying the sentence enhancement provision absent record evidence in support thereof and vacated the judgment of sentence and remanded for resentencing. Similar to *Wilson I*, the court found that the sentence enhancement can only be applied when it is determined at the guilty plea colloquy that factual evidence supports the application of the enhancement. Unlike the instant case in *Wilson I*, however, the plurality in *Decker* concluded that the trial court could not utilize the enhancement provision on resentencing. We find no support for the ruling in *Decker* and therefore decline to adopt such position.

 In summary, we hold that the Commonwealth is permitted to present sentence enhancement evidence at a sentencing hearing on remand after the original sentence was vacated due to insufficient evidence supporting the enhancement provision. Double jeopardy concerns are not implicated under such circumstances and the trial court's vacation of the original sentence allows the court to treat the case anew for evidentiary purposes.

Accordingly, we reverse the order of the Superior Court vacating the judgment of sentence and reinstate the judgment of sentence imposed by the trial court. Jurisdiction relinquished.

Justices CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and Justice FITZGERALD join the opinion.

*Id.* at 501 (emphasis supplied). The author of the concurring opinion in *Kunkle,* however, ultimately changed his position as he was the majority author in *Wilson II*.