J-S13013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL HAMILTON | |
| Appellant | No. 560 WDA 2015 |

Appeal from the Judgment of Sentence March 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014737-2013

BEFORE:  LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 23, 2016**

Michael Hamilton appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following his conviction for possession of a firearm by a person prohibited.[1]  After careful review, we affirm.[2]

At trial, the Commonwealth presented evidence that Hamilton and Daniel Nelson were involved in selling heroin.  Hamilton and Nelson shared

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

[2] Hamilton was also convicted of several offenses related to the possession and distribution of drugs.  He does not appeal from the judgments of sentence imposed for those convictions.

an apartment in a four-unit building located at 620 North Sheridan Avenue in Pittsburgh.

On July 25, 2013, Detective Shiela Ladner purchased heroin from Nelson. On August 22, 2013, Detective Ladner arranged to meet Nelson at the same location to purchase thirty stamp bags of heroin for $240.00. As part of this operation, Detective Daniel Zeltner was conducting surveillance outside 620 North Sheridan Avenue when he observed Nelson leave the building. Shortly thereafter, he received notification that Nelson had been arrested for selling heroin to the detective. As the trial court noted:

> Soon thereafter, [Hamilton] left the apartment building and began walking toward the area where Detective Ladner was located. As soon as he left the front entrance of the building, the [Hamilton] stopped and turned back. He reached back toward the threshold of the common doorway and reached down to his right. [Hamilton] then stood up and walked outside onto the street.
>
> At that point, [Hamilton] began walking down the street. Police officers pulled up beside him in unmarked vehicles. As Officer Derbish exited his police vehicle in full uniform, [Hamilton] began to flee the area. Officer Derbish yelled, "Stop, police!" and, "You're under arrest."
>
> . . .
>
> A Glock .40 caliber pistol was recovered in a common hallway just to the right of the common entranceway of the apartment building. It was the precise area where [Hamilton] was observed leaning and reaching toward as he exited the apartment building. It was wrapped in a large pair of shorts.
>
> . . .
>
> After [Hamilton] was arrested, Officer Zeltner did a search on Facebook and located [Hamilton's] profile. Officer Zeltner located a photograph of [Hamilton] in which [he] is holding a

Glock firearm. From this [c]ourt's perspective, the firearm in the Facebook photograph is very similar, if not identical, to the firearm seized in this case.

Trial Court Opinion, 5/14/15, at 3-5.

On September 28, 2014, at the conclusion of a nonjury trial, the court convicted Hamilton of several offenses. On March 3, 2015, the court sentenced Hamilton to three to six years of incarceration for firearms possession plus five years' probation for possession with intent to deliver. Hamilton then filed this timely appeal in which he challenges the sufficiency of the evidence to support a conviction for persons not to possess a firearm.

Our standard of review in assessing a challenge to the sufficiency of the evidence is well-settled. "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). "Any doubts concerning an appellant's guilt [are] to be resolved by the trier of fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom." *Commonwealth v. West*, 937 A.2d 516, 523 (Pa. Super. 2007). "[T]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Perez*, 931 A.2d 703, 707 (Pa. Super. 2007).

Possession of a firearm by a prohibited person is defined, in relevant part, as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell, or transfer firearms**

**(a) Offense defined**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

Hamilton had been previously convicted of robbery, an enumerated offense under section 6105(b). Hamilton does not contest this. However, Hamilton argues that the evidence was insufficient to prove constructive possession. We disagree.

Because there was no evidence that the Hamilton was in actual possession of the firearm at the time it was recovered, the Commonwealth must rely on constructive possession. *Commonwealth v. Sanes*, 955 A.2d 369, 373 (Pa. Super. 2008). Constructive possession is "the ability to exercise a conscious dominion over the illegal substance, the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). Possession can be proved by circumstantial evidence. *Commonwealth v. Bentley*, 419 A.2d 85, 87 (Pa. Super. 1980). Constructive possession is proven when

contraband is discovered in an area of joint control and joint access, given "the totality of the circumstances." *Commonwealth v. Mudrick*, 507 A.2d 1212, 1214 (Pa. 1986).

In *Mudrick*, police arrived at the home of Sandra Dietz to serve a New Jersey warrant upon her. The defendant answered the door and told police he lived there. Police, upon entering the home, saw marijuana on the coffee table in the living room. After obtaining a search warrant for the rest of the home, they found cocaine in the only bedroom in the house. The defendant was found guilty of possession, but this Court reversed. Our Supreme Court, in reversing this Court, stated that "[g]iven the totality of the circumstances, joint control, equal access, and evidence that the cocaine was found in plain view, the jury could have found constructive possession." *Id.*

As in *Mudrick*, Hamilton's weapon was found in an area of joint control and equal access. Moreover, the evidence showed that police saw Hamilton exit his apartment building, turn back through the doorway of the common entrance, and reach down to his right. This was the exact location where the weapon was found. Furthermore, Hamilton's Facebook photo showed a weapon, "which exactly matched the firearm recovered in the incident." N.T. Trial, 9/28/14, at 10. Accordingly, the evidence is sufficient to show the ability to exercise conscious dominion over the weapon, the power to control it and the intent to exercise that control.

Hamilton relies on **Commonwealth v. Burkley**, 443 A.2d 1182 (Pa. Super. 1982,) to support his position that constructive possession was not established in this case. We find that case inapposite. In **Burkley**, the trial court determined that a prisoner constructively possessed a sharpened screwdriver that was found in his cell. On appeal, this Court reversed because all sixty-four cells within the cellblock were left open during the day, and inmates were free to leave their cells unattended. "The mere fact of appellant's residency in the cell is insufficient to raise the inference that he exercised the requisite intent to control the screwdriver when guards and other inmates had and exercised access to the cell." **Id.** at 1184. Here, in contrast, police were monitoring Hamilton's actions and saw him reach into the common hallway where soon thereafter they found a gun wrapped in a large pair of undershorts. While Detective Zeltner had the building under surveillance, the only people he saw enter and exit were Nelson and Hamilton. N.T. Trial, 9/28/14, at 50. Accordingly, Hamilton's reliance on **Burkley** is misplaced.

Because the Commonwealth presented sufficient evidence to establish constructive possession, Hamilton is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2016