J-S32006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK ALLEN PRINKEY, | |
| Appellant | No. 925 WDA 2014 |

Appeal from the Judgment of Sentence February 19, 2014
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000242-2007

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 28, 2015**

Appellant, Mark Allen Prinkey, appeals from the judgment of sentence entered for his convictions of attempted indecent assault of a person less than thirteen years of age and corruption of a minor, which the trial court imposed after this Court vacated Appellant's previous judgment of sentence and remanded for resentencing.  We affirm.

In addressing Appellant's prior appeal from the denial of PCRA relief, this Court provided a detailed summary of the history of this matter as follows:

> The evidence in this case established that Appellant took a seven-year old female child into a barn to feed calves, despite the victim first telling him that she did not want to go.  While in the barn area, after Appellant fed the calves, he asked the young child if she had a boyfriend or if she had ever kissed a boy.  The victim answered no.  Appellant then went down on his knees and placed his hands on her shoulders.  The victim then fled the barn

and told her teenage half-sister[1] and another friend about these actions and that Appellant attempted to kiss her.[2]

[1] The sister is Appellant's daughter.

[2] The court admitted this evidence under the excited utterance hearsay exception.

When the victim's mother arrived, the victim relayed the same information to her mother, stating that she thought Appellant was going to try to kiss her.[3] In an interview with police, Appellant stated that he guessed his intent was pleasure and that if he did kiss the victim that the incident could have possibly escalated to additional sexual acts, including the victim potentially performing oral sex. He did not indicate that he intended for the victim to perform oral sex, although he did admit that he intended to kiss the girl.

[3] At trial, the victim did not testify that Appellant tried to kiss her, only that he touched her shoulder after kneeling down. She also testified that he did not pull her face to kiss her. The statement to her mother was admitted under 42 Pa.C.S. § 5985.1, the tender years hearsay exception.

Police charged Appellant with attempted involuntary deviate sexual intercourse ("IDSI") with a child, attempted indecent assault with a person less than thirteen years of age, and corruption of the morals of a minor. Appellant proceeded to a jury trial. At trial, Appellant objected to his statement to police being introduced on the basis of the *corpus delicti* rule. The trial court briefly heard argument and overruled the objection. Thereafter, Corporal Shawn Sankey, who questioned Appellant, took the stand and Appellant's interview with police was played for the jury. The trial court also provided a transcript of the interview to the jury.[4] After the Commonwealth completed its case-in-chief, Appellant took the stand and acknowledged that he asked the victim if she had a boyfriend or if she had kissed a boy. He denied attempting to kiss the victim, and asserted that he only made that statement due to police coercion.

[4] We note that the recording was not transcribed and the certified record before this Court does not contain a transcript of the interview. Appellant,

- 2 -

however, does not challenge the substance of statement and the record contains sufficient information for this Court to address his issues.

The jury returned guilty verdicts for the aforementioned charges. The court found Appellant to be a sexually violent predator ("SVP"), and imposed an aggregate sentence of ten to twenty-five years incarceration. Appellant filed a timely post-sentence motion, which the trial court denied. A timely direct appeal ensued and the court ordered Appellant to comply with Pa.R.A.P. 1925(b). Appellant's counsel failed to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. This Court remanded to allow counsel the opportunity to file a *nunc pro tunc* 1925(b) statement. Thereafter, Appellant submitted a 1925(b) statement and the matter proceeded. On appeal, Appellant challenges the sufficiency of the evidence, the weight of the evidence, and his classification as an SVP.[5] In addition, though not specified in his statement of questions involved, Appellant argued that the trial court erred in admitting his statement to police in violation of the *corpus delicti* rule.

_____

[5] The record demonstrates that trial counsel represented Appellant pre-trial through the post-sentence motion phase of the proceedings. Appellant was then appointed a public defender for purposes of his direct appeal, and that attorney filed the original brief. However, Appellant's original trial counsel re-entered the case and filed both a Pa.R.A.P. 1925(b) statement and a new brief, which he testified was only a reply brief.

A panel of this Court found that Appellant's sufficiency of the evidence claims were waived because his position was "woefully undeveloped[.]" **Commonwealth v. Prinkey**, [181 WDA 2009,] 15 A.3d 529 (Pa. Super. 2010) (unpublished memorandum, at 5). Similarly, it held that Appellant's weight of the evidence arguments were too undeveloped to be reached. The panel also determined that Appellant's *corpus delicti* argument was waived because he did not include it in his statement of questions involved. Ultimately, the panel found all of Appellant's arguments waived due to inadequate briefing, except for his challenge to his classification as a sexually violent predator.

Appellant filed a timely *pro se* PCRA petition on November 22, 2010, and an amended *pro se* petition on August 18, 2011. No order appointing counsel appears of record, nor does the certified record contain an entry of appearance by private counsel. *See* Pa.R.Crim.P. 904. However, counsel filed a second amended petition on December 17, 2011, and an addendum to that petition three days later. The PCRA court conducted an evidentiary hearing on January 12, 2012, and denied Appellant's petition on April 11, 2012.

*Commonwealth v. Prinkey*, 777 WDA 2012, 83 A.3d 1080 (Pa. Super. filed August 30, 2013) (unpublished memorandum at 1-5).

On appeal from the denial of PCRA relief, this Court concluded that direct appeal counsel was ineffective for inadequately briefing a sufficiency of the evidence claim pertaining to the conviction for attempted involuntary deviate sexual intercourse and stated the following:

In conclusion, while direct appeal counsel's representation was far from adequate, Appellant is not entitled to reinstatement of his direct appeal rights. Further, because Appellant's sufficiency claims for attempted indecent assault and corruption of the morals of a minor would not warrant relief, appellate counsel did not render constitutionally defective representation by submitting a faulty brief as to those issues. Concomitantly, appellate counsel was not ineffective for failing to properly raise Appellant's *corpus delicti* position. Nevertheless, since appellate counsel's inadequate briefing precluded this Court from reaching a meritorious sufficiency claim for Appellant's attempted [involuntary deviate sexual intercourse] conviction, we find that appellate counsel was ineffective.

*Prinkey*, 777 WDA 2012, 83 A.3d 1080 (unpublished memorandum at 17). Consequently, this Court reversed Appellant's conviction for attempted involuntary deviate sexual intercourse, vacated his judgment of sentence

- 4 -

and remanded for resentencing because our determination upset Appellant's sentencing scheme. ***Id***.

Upon remand for resentencing, the Commonwealth served notice of its intent to seek a mandatory sentence pursuant to 42 Pa.C.S. § 9718.2, which mandates a minimum sentence of not less than twenty-five years for the conviction of attempted indecent assault.[1]  Appellant then filed a motion to dismiss the Commonwealth's notice.  The trial court received briefs from the parties, and on February 19, 2014, immediately prior to resentencing, heard oral arguments and denied Appellant's motion to dismiss.  Thereafter, the trial court sentenced Appellant to serve a term of incarceration of twenty-five to fifty years for the conviction of attempted indecent assault, and a consecutive term of incarceration of eighteen to thirty-six months for the conviction of corruption of minors.  Appellant filed a timely post-sentence motion, which the trial court denied on May 8, 2014.  This timely appeal followed.

Appellant presents the following issues for our review:

[1.] WHETHER THE APPELLANT'S 25-YEAR MANDATORY SENTENCE WAS AN ILLEGAL MANDATORY SENTENCE BECAUSE IT WAS NOT SOUGHT AFTER NOR IMPOSED AT THE FIRST SENTENCING?

_____

[1] The Commonwealth did not file a notice of its intent to seek the mandatory provisions of 42 Pa.C.S. § 9718.2 prior to the filing of the notice upon remand.

[2.] WHETHER THE COMMONWEALTH IS BARRED FROM SEEKING A MANDATORY SENTENCE AT A SECOND SENTENCING WHEN NOTICE OF INTENT TO SEEK THE MANDATORY WAS NOT GIVEN AT THE FIRST SENTENCING.

[3.] WHETHER THE APPELLANT'S 25-YEAR MANDATORY SENTENCE WAS AN ILLEGAL SENTENCE PURSUANT TO THE STATUTE IN EFFECT AT THE TIME OF SENTENCING AND PURSUANT TO THE *ALLEYNE* LINE OF CASES?

Appellant's Brief at 3.

Appellant first argues that his twenty-five year mandatory minimum sentence was illegal because the Commonwealth failed to give him proper timely notice pursuant to 42 Pa.C.S. § 9718.2. Relying upon section 9718.2(d), Appellant contends that under the statute in effect at the time of the commission of the crimes in question, and the time of his trial, the Commonwealth was required to give notice of the application of the mandatory minimum sentence prior to trial. We disagree.

> Application of a mandatory sentencing provision implicates the legality, not the discretionary, aspects of sentencing. In reviewing the trial court's interpretation of statutory language, we are mindful of the well-settled rule that statutory interpretation implicates a question of law. Thus, our scope of review is plenary, and our standard of review is *de novo*.

*Commonwealth v. Dixon*, 53 A.3d 839, 842 (Pa. Super. 2012) (citations omitted).

At the time of Appellant's trial, 42 Pa.C.S. § 9718.2 addressed mandatory minimum sentences for repeat sex offenders and provided, in relevant part, as follows:

**§ 9718.2. Sentences for sex offenders**

\* \* \*

**(c) Proof of sentencing.--**The provisions of this section shall not be an element of the crime, and *notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.* The applicability of this section shall be determined at sentencing.

\* \* \*

**(d) Authority of court in sentencing.--***Notice of the application of this section shall be provided to the defendant before trial.* If the notice is given, there shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (b) or to place the offender on probation or to suspend sentence. . . .

42 Pa.C.S. § 9718.2(c) and (d) (emphasis added).[2]

Our research has failed to reveal any published appellate opinions interpreting the notice requirement of 42 Pa.C.S. § 9718.2(d).[3] Thus, the

_____

[2] The Legislature amended 42 Pa.C.S. § 9718.2 effective December 20, 2012, eliminating the pretrial notice requirements of subsection (d).

[3] We observe that in **Commonwealth v. Steckley**, 1738 MDA 2010, 32 A.3d 835) (Pa. Super. filed August 16, 2011) (unpublished memorandum) a panel of this Court issued a non-precedential decision that addressed whether the Commonwealth was required to provide notice of the application of a mandatory sentence prior to trial pursuant to 42 Pa.C.S. § 9718.2(d). The Court in **Steckley** ultimately concluded that the Commonwealth did not have the responsibility to give the section 9718.2(d) pretrial notice to Steckley. We further observe that on April 4, 2012, our Supreme Court granted *allocatur* in **Steckley**. **Commonwealth v. Steckley**, 41 A.3d 855 (Pa. 2012). However, on May 28, 2013, our Supreme Court issued an order
*(Footnote Continued Next Page)*

notice that the Commonwealth was required to give to Appellant pursuant to 42 Pa.C.S. § 9718.2 is a question of statutory construction.  The Statutory Construction Act of 1972 ("Act") controls. 1 Pa.C.S. § 1501 *et seq*.  The Act states in relevant part that, "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly, and '[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'"  1 Pa.C.S. § 1921(a), (b).  A court should not resort to other considerations, such as the General Assembly's purpose in enacting a statute, unless the words of the statute are not explicit.  1 Pa.C.S. § 1921(c).  The Act also states that "[w]ords and phrases shall be construed according to the rules of grammar and according to their common and approved usage," however "technical words and phrases and such others as have acquired a peculiar and appropriate meaning . . . shall be construed according to such peculiar and appropriate meaning."  1 Pa.C.S. § 1903(a).  We further recognize that penal provisions are to be strictly construed, 1 Pa.C.S. § 1928*b)(1), and that we are to presume the General Assembly did not intend an absurd result, impossible of execution, or unreasonable.  1 Pa.C.S. § 1922(1).  Statutory construction requires that provisions in a

*(Footnote Continued)* ───────────

dismissing the appeal as having been improvidently granted. **Commonwealth v. Steckley**, 67 A.3d 758 (Pa. 2013).

statute should be construed "if possible, so that effect may be given to both." 1 Pa.C.S. § 1933.

In applying these principles, we disagree with Appellant that section 9718.2(d) imposed upon the Commonwealth a requirement to provide Appellant notice of application of the mandatory minimum sentence before trial. That determination would require a complete dismissal of the language of section 9718.2(c). There is no doubt that section 9718.2(d) places no specific duty upon the Commonwealth. Rather, section 9718.2(d) requires a defendant be given notice of the statute's applicability prior to trial, without specifying the party to provide the notice. Although it may have been in the Commonwealth's interest to provide Appellant with the section 9718.2(d) pretrial notice, unlike section 9718.2(c), section 9718.2(d) places no requirement upon the Commonwealth to provide that particular notice.

Therefore, because section 9718.2(d) did not specifically impose upon the Commonwealth the requirement to provide a pretrial notice, Appellant's contention the Commonwealth's notice was not in accord with section 9718.2(d) fails.

In addition, Appellant attempts to argue that, because his resentencing was precipitated by "a charge being dismissed due to insufficient evidence," the imposition of the mandatory minimum sentence on another conviction that was upheld on appeal "should be barred at the second sentencing." Appellant's Brief at 9. In essence, Appellant contends

that principles of double jeopardy somehow prevented the Commonwealth from seeking imposition of a mandatory sentence upon resentencing. *Id*. 9-10.

As the Pennsylvania Supreme Court explained:

> The proscription against twice placing an individual in jeopardy of life or limb is found in the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The double jeopardy protections afforded by our state constitution are coextensive with those federal in origin; essentially, both prohibit successive prosecutions and multiple punishments for the same offense. *Commonwealth v. Fletcher*, 580 Pa. 403, 861 A.2d 898, 912 (Pa. 2004). We have described double jeopardy rights as "freedom from the harassment of successive trials and the prohibition against double punishment." *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313, 318 (Pa. 1980) (plurality).

*Commonwealth v. States*, 938 A.2d 1016, 1019 (Pa. 2007). Thus, "[a]n individual may be punished only once for a single act which causes a single injury to the Commonwealth." *Commonwealth v. Williams*, 753 A.2d 856, 864 (Pa. Super. 2000) (citing *Commonwealth v. Owens*, 649 A.2d 129 (Pa. Super. 1994)).

Our review of the record reflects that Appellant was convicted of attempted involuntary deviate sexual intercourse with a child, attempted indecent assault of a person less than thirteen years of age, and corruption of a minor. Appellant was then sentenced to serve an aggregate term of incarceration of ten to twenty-five years. On appeal from the denial of PCRA relief, this Court found that Appellant's direct appeal counsel was ineffective

for failing to adequately brief a meritorious issue challenging the sufficiency of the evidence to support Appellant's conviction of attempted involuntary deviate sexual intercourse. In granting Appellant relief, this Court specifically stated the following:

> Accordingly, we reverse Appellant's conviction for attempted [involuntary deviate sexual intercourse] and vacate his judgment of sentence. As our reversal is based on insufficient evidence, Appellant cannot be re-tried for attempted [involuntary deviate sexual intercourse] and he is discharged as to that crime. In addition, because our reversal causes his judgment of sentence for attempted [involuntary deviate sexual intercourse] to be vacated, it upsets Appellant's sentencing scheme and we remand for resentencing.

*Prinkey*, 777 WDA 2012, 83 A.3d 1080 (unpublished memorandum at 17). Thus, this Court effectively prevented an issue of double jeopardy by discharging the crime of attempted involuntary deviate sexual intercourse and ordering the trial court to resentence Appellant as to the two convictions that were left standing.

The record further reflects that, upon remand to the trial court, Appellant was not retried for attempted involuntary deviate sexual intercourse, nor was he resentenced for that crime, as that conviction was discharged. Rather, Appellant was resentenced for his convictions of attempted indecent assault and corruption of a minor as directed by this Court. Accordingly, we fail to see how the trial court's action in following this Court's explicit directive implicates the proscription against double jeopardy. Thus, this claim fails.

- 11 -

In his second issue, Appellant argues that the Commonwealth should have been barred from seeking a mandatory sentence at resentencing. Appellant alleges that, because the Commonwealth did not seek imposition of the mandatory sentence at his first sentencing, it was precluded from seeking the mandatory sentence at the time of resentencing. Appellant's Brief at 10-11. Appellant asserts that "[b]ecause no notice of the intent to seek a mandatory sentence was given at the first sentencing, the mandatory sentence is no longer a sentencing option." *Id*. at 10.[4] Upon review, we conclude that Appellant is not entitled to relief.

_____

[4] In support of his claim, Appellant relies upon our Supreme Court's decision in *Commonwealth v. Mazzetti*, 44 A.3d 58 (Pa. 2012). However, we find *Mazzetti* to be distinguishable from the facts of the instant case because, in *Mazzetti*, the Commonwealth agreed to waive the relevant mandatory minimum sentence pursuant to a plea agreement. Subsequently, Mazzetti violated his probation and upon resentencing, the Commonwealth sought to invoke the mandatory minimum sentence. Ultimately, our Supreme Court concluded that the Commonwealth could not compel the trial court to impose the mandatory minimum sentence following the revocation of Mazzetti's probation. Specifically, the *Mazzetti* Court stated the following:

> Since the trial court is vested with the same alternatives at resentencing [following revocation of probation] that were originally available, and the Commonwealth waived the initial applicability of the mandatory minimum, the court had no obligation to apply the same at resentencing.

*Id*. at 68. However, the instant matter involves neither a waiver by the Commonwealth to the mandatory minimum sentence pursuant to a plea agreement, nor a resentencing following the revocation of probation. Thus, we conclude that application of *Mazzetti* to this case would be misplaced.

Our Supreme Court has held that a defendant has "no legitimate expectation of finality in his sentence after he has filed an appeal therefrom." **Commonwealth v. Wilson**, 934 A.2d 1191, 1195 (Pa. 2007). When a sentence is vacated it is rendered a legal nullity. **Id**. at 1196. In **Wilson**, the Supreme Court ruled that the Commonwealth could introduce evidence in support of a sentencing enhancement after remand that it did not introduce at the first sentencing proceeding. **Id**. at 1198. Furthermore, we have explained that "[w]hen a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh." **Commonwealth v. Jones**, 640 A.2d 914, 919–920 (Pa. Super. 1994).

It is undisputed that, due to a prior conviction, the mandatory minimum sentence would have been a part of Appellant's original sentence if the Commonwealth had provided notice of its intention to proceed under 42 Pa.C.S. § 9718.2 at that time. However, the Commonwealth initially did not provide the appropriate notice, and the trial court imposed a sentence without employing the mandatory minimum under section 9718.2. Subsequently, this Court vacated Appellant's judgment of sentence and remanded for resentencing, which rendered the original sentence a legal nullity. **Wilson**, 934 A.2d at 1196. Further, our review indicates that prior to resentencing, the Commonwealth issued the proper notice of its intention to proceed under 42 Pa.C.S. § 9718.2. At the time of resentencing, once

the Commonwealth issued the proper notice regarding the mandatory minimum sentence, the trial court had a duty to proceed under that provision. Hence, we discern no error.[5]

In Appellant's third issue he argues that the trial court imposed an illegal sentence pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013), when it applied a mandatory minimum sentence based upon a prior conviction. Appellant's Brief at 11. Appellant claims that the fact that he was previously convicted of involuntary deviate sexual intercourse should have been submitted to the jury.

Again, application of a mandatory sentencing provision implicates the legal, not the discretionary, aspects of sentencing. **Dixon**, 53 A.3d at 842. Thus, our scope of review is plenary, and our standard of review is *de novo*. **Id**.

We observe that in **Alleyne** the United States Supreme Court determined that any fact that increases a mandatory minimum sentence is an element of the crime, not a sentencing factor, and must be submitted to the jury to be determined beyond a reasonable doubt. **Alleyne**, 133 S.Ct.

_____

[5] We recognize that Appellant alleges that he was not advised of the twenty-five year mandatory by **anyone** prior to remand, and that he would not have sought a direct appeal or PCRA relief after the twenty-five year mandatory minimum sentence was not originally imposed had he been made aware of it. Thus, although we deny relief at this juncture, we do so without prejudice to Appellant to seek PCRA relief on a possible ineffective assistance of counsel claim.

at 2155, 2161, 2163. The Court in **Alleyne** noted that "the essential Sixth Amendment inquiry is whether a fact is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." **Id**. at 2162. However, **Alleyne** does not require that the fact of a prior conviction must be presented at trial and found beyond a reasonable doubt. **Id**. at 2160 n.1 (noting "In **Almendarez–Torres v. United States**, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), we recognized a narrow exception . . . for the fact of a prior conviction."). **See also United States v. Blair**, 734 F.3d 218, 227 (3d Cir. 2013) (observing that "**Alleyne** d[id] nothing to restrict the established exception under **Almendarez–Torres** that allows judges to consider prior convictions."); **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014).

Moreover, this Court recently stated the following:

Prior convictions are the remaining exception to **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), insofar as a factfinder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right. **See Almendarez–Torres v. United States**, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). . . .

**Commonwealth v. Hale**, 85 A.3d 570, 585 n.13 (Pa. Super. 2014). Therefore, mandatory minimum sentences for recidivism remain constitutional in Pennsylvania.

- 15 -

Appellant was sentenced under 42 Pa.C.S. § 9718.2. That statute provides for mandatory sentences for a defendant previously convicted of various sex offenses. Because the fact triggering the mandatory minimum sentence is a prior conviction, neither **Apprendi** nor **Alleyne** prevents the imposition of a mandatory minimum sentence in this instance. Therefore, Appellant's contrary argument lacks merit.

Judgment of sentence affirmed.

Judge Olson Concurs in the Result.

Judge Musmanno files a Dissenting Memorandum Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015