J-S31045-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TROY FLANAGAN, | : | |
| | : | |
| Appellant | : | No. 1749 MDA 2015 |

Appeal from the Judgment of Sentence September 23, 2015
in the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000463-1999

BEFORE:    SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 27, 2016**

Troy Flanagan (Appellant) appeals from the judgment of sentence of one to four years of incarceration, which was entered after the revocation of his probation.  We affirm.

A prior panel of court summarized the lengthy and tortuous procedural history of this case as follows.

> Appellant was arrested on May 17, 1999, and charged with robbery and criminal conspiracy to commit robbery.  On September 25, 2000, Appellant [pled] guilty to these charges pursuant to a plea agreement with the Commonwealth.  Under the terms of the agreement, the Commonwealth agreed to recommend a sentence with a minimum of not less than five years' imprisonment.
>
> ***
>
> The [trial court] indicated that it would likely agree with the plea agreement…. At the conclusion of the hearing, the [trial court] accepted the guilty plea and scheduled sentencing.

---

*Retired Senior Judge assigned to the Superior Court.

Prior to sentencing, Appellant retained the services of Joseph Devecka, Esquire, who moved to withdraw Appellant's guilty plea after discussing the matter with Appellant and receiving his consent to do so. Appellant contends that Attorney Devecka assured him the maximum minimum-sentence he would receive would be five years. On January 18, 2001, the court accepted Appellant's plea withdrawal and entered a plea of not guilty. At trial, Appellant was convicted of robbery and conspiracy to commit robbery. [On February 26, 2001, h]e was sentenced to 140 to 360 months' imprisonment. [That sentence was comprised of 80 to 240 months' incarceration for robbery and 60 to 120 months' incarceration for conspiracy to be served consecutively.]

On June 13, 2002, [the Superior Court] vacated Appellant's sentence due to a misapplication of the sentencing guidelines' deadly weapon enhancement. *Commonwealth v. Flanagan*, [806 A.2d 459] (unpublished memorandum) (Pa. Super. 2002). "Appellant only assisted the robbery and disposed of the gun used in the robbery, but his co-conspirator actually entered the store and took the money at gunpoint." *Id*. at 1 n. 1. Upon resentencing on September 9, 2002, Appellant was sentenced to not less than 132 months' or more than 360 months' imprisonment. On a subsequent direct appeal, [the Superior Court] affirmed the trial court on June 27, 2003. *Commonwaelth v. Flanagan*, [830 A.2d 1045] (unpublished memorandum) (Pa. Super. 2003). Thereafter, Appellant did not petition our Supreme Court for allowance of appeal; rather, Appellant filed a timely PCRA petition on July 31, 2003.

*Commonwealth v. Flanagan*, 981 A.2d 918 (Pa. Super. 2009) (unpublished memorandum at 1-3).

In that petition, Appellant argued that his sentence was illegal because robbery and conspiracy to commit robbery should merge for sentencing purposes. Appellant also argued that trial counsel was ineffective in advising him to withdraw his guilty plea. The PCRA court denied relief, and Appellant appealed to this Court.

- 2 -

On appeal, this Court concluded that being sentenced on both robbery and conspiracy to commit robbery did not render the sentence illegal. However, this Court also held that the PCRA court erred in the way it conducted its ineffective-assistance-of-counsel analysis. Thus, it vacated the PCRA court's order, and directed the PCRA court to analyze properly "Appellant's layered claim of ineffectiveness." *Id*. at 13.

On August 18, 2010, the PCRA court granted Appellant a new trial. Prior to trial, the Commonwealth and Appellant entered into a negotiated plea agreement. Pursuant to this plea agreement, on February 18, 2011, Appellant was sentenced to eight to sixteen years' incarceration on both counts, to run concurrently, with a credit for ten years and 144 days served.[1] At the hearing, the Commonwealth also represented that it was "not going to make any recommendation to the parole board nor try to influence them in any way." N.T., 2/18/2011, at 19.

After Appellant's hearing before the parole board, Appellant was denied release based, in part, on a negative recommendation by the prosecuting attorney. Appellant timely filed a PCRA petition alleging that the Commonwealth failed to adhere to the terms of the plea agreement by interfering with Appellant's right to parole. Counsel was appointed, and the PCRA court permitted Appellant to withdraw his guilty plea. Specifically, the

---

[1] Appellant was incarcerated on this case from May 17, 1999 through July 27, 1999, and then again from January 19, 2001, through February 18, 2011.

PCRA court concluded that the prosecuting attorney's negative recommendation was a breach of the plea agreement.

On August 28, 2012, Appellant and the Commonwealth entered into another negotiated guilty plea. Pursuant to the agreement, Appellant was sentenced to six to twelve years of incarceration on the robbery charge. He had already served 11 years, nine months, and 20 days, so he was only two months and ten days shy of his maximum. He also agreed to a consecutive period of four years of probation on the conspiracy charge. Furthermore, the agreement provided that if Appellant should violate the terms of his probation, he could receive no more than four years of incarceration for that violation.

Appellant was released from prison on November 7, 2012, after serving twelve years of incarceration. Thereafter, on April 22, 2015, and June 8, 2015, Appellant was charged with retail theft. Additionally, he went to Florida in violation of the terms of probation. Accordingly, he appeared on September 10, 2015, before the revocation court. Appellant's probation was revoked, and he was sentenced, consistent with the prior plea agreement, to one to four years of incarceration.

Appellant timely filed a post-sentence motion, which was denied by the revocation court. Appellant timely filed a notice of appeal. Both Appellant and the revocation court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth two issues for our review.

A. The [revocation court] erred in sentencing [Appellant] on September 10, 2015 by failing to grant him a time credit for the time served on his original sentence in connection with his conviction for the conspiracy offense.

B. That on August 29, 2012 at a re-sentencing, [Appellant's] waiver of his right to the credit for time on the above captioned case was not knowing, voluntary or intelligent.

Appellant's Brief at 4 (suggested answers omitted).

In considering Appellant's issues, we bear in in mind the following.

This case implicates a number of legal principles, the first of which is: Following probation violation proceedings, this Court's scope of review is limited to verifying the validity of the proceeding and the legality of the sentence imposed. The defendant or the Commonwealth may appeal as of right the legality of the sentence. As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*. Issues relating to the legality of a sentence are questions of law[.] As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotation marks omitted).[2]

Appellant first argues that he was not credited properly for his time served. "A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence."

---

[2] In **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013), we held that "this Court's scope of review in an appeal from a revocation sentencing [also] includes discretionary sentencing challenges." However, Appellant has not challenged the discretionary aspects of his sentence in this case.

*Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). The governing statute provides the following.

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> ***
>
> (3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

42 Pa.C.S. § 9760.

Specifically, Appellant contends that "on November 7, 2006, [Appellant] satisfied the 6 year minimum component of his sentence for the [r]obbery offense. He then simultaneously began to serve the five year minimum component of his consecutive sentence for the [c]onspiracy offense until the time of his first new trial on February 18, 2011, which represents 4 years and 103 days[.]" Appellant's Brief at 10. Appellant suggests that this period of time should be credited to his current revocation sentence, and he should be released from prison.

First, we observe that Appellant is referring to his February 26, 2001 sentence, which was vacated by this Court. "The term 'vacate' means 'To

nullify or cancel; make void; invalidate <the court vacated the judgment>. *Cf.* overrule.' Black's Law Dictionary 1584 (8th ed. 2004). When the original sentence was vacated, the sentence was rendered a legal nullity[.]" **Commonwealth v. Wilson**, 934 A.2d 1191, 1196 (Pa. 2007). Accordingly, Appellant may not now make any claim with respect to that sentence. Furthermore, even if Appellant's sentence was not a nullity, "[p]ursuant to Pennsylvania law, the maximum term represents the sentence imposed for a criminal offense, with the minimum term merely setting the date after which a prisoner may be paroled." **Martin v. Pennsylvania Bd. of Prob. & Parole**, 840 A.2d 299, 302 (Pa. 2003). Thus, Appellant has not convinced this Court, based upon the aforementioned logic, that he has served four years and 103 days of incarceration for the offense of conspiracy to commit robbery.

However, even if this were true, there is no requirement that he receive credit for that time served towards his new sentence, because the revocation sentence of one to four years of incarceration would not create an illegal sentence. With respect to a sentence following the revocation of probation, "a defendant [is not] automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum." **Commonwealth v. Crump**, 995 A.2d 1280, 1284 (Pa. Super. 2010). Appellant recognizes that the statutory maximum

- 7 -

sentence for his conspiracy conviction is 20 years' incarceration. Appellant's Brief at 15. Accordingly, even if these four years spent in prison had been for the conspiracy conviction, the addition of his one-to-four-year revocation sentence would result only in a total of eight years of incarceration, still below the statutory maximum. Thus, the sentence imposed on Appellant on September 10, 2015 is clearly not illegal.

Appellant next argues that if the revocation court "did sentence him legally then in the alternative [Appellant] should be permitted to withdraw his guilty plea[.]" Appellant's Brief at 17. It is well-settled that "[w]here an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal. In order to preserve an issue related to the guilty plea, an appellant must either object [] at the sentence colloquy or otherwise rais[e] the issue at the sentencing hearing or through a post-sentence motion." **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (internal citations and quotation marks omitted).

Instantly, following the September 10, 2015 sentence on the revocation of probation, Appellant did not challenge the knowing and voluntary nature of his August 29, 2012 guilty plea either at sentencing or in his post-sentence motion. Thus, this issue is waived.

Moreover, even had Appellant not waived this issue on that basis, he also did not file a post-sentence motion or notice of appeal from the August

29, 2012 judgment of sentence. At that hearing, the trial court explained the provisions of the agreement on the record.

> [Trial Court:] And I already indicated for the Court the potential plea agreement is a six to 12 year sentence on count one and a four-year consecutive 48 months of probation on count two, the criminal conspiracy. Do you understand the terms of the plea agreement?
>
> [Appellant:] Yes.
>
> ***
>
> [Trial Court:] And there is a plea negotiation here, it's set forth on the plea agreement that you've signed. [The prosecutor] has outlined it for me earlier, that you would get six to 12 years on the robbery and the conspiracy would be a consecutive four-year supervised probation with the understanding that if you violate it, the cap would be four years but you could still spend four more years if you violate it, do you understand that?
>
> [Appellant:] Yes, Your Honor.
>
> [Trial Court:] And knowing all that, you still wish to plead guilty.
>
> [Appellant:] Yes, Your Honor.

N.T., 8/29/2012, at 6-10.

Thus, to the extent Appellant had a different understanding of that agreement, and wished to challenge the knowing and voluntary nature of his guilty plea, such a challenge had to be presented in a post-sentence motion following the August 29, 2012 judgment of sentence. Appellant did not do so and cannot remedy that failure now.

Based on the foregoing, we affirm the September 10, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2016