J-S59043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SERGIO JACOBS | |
| Appellant | No. 2542 EDA 2015 |

Appeal from the Judgment of Sentence July 16, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0203011-2005

BEFORE: BENDER, P.J.E., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:            **FILED SEPTEMBER 12, 2016**

Appellant, Sergio Jacobs, appeals from the judgment of sentence following the revocation of his probation. Counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant the petition to withdraw and affirm the judgment of sentence.

We adopt the facts and procedural history set forth in the trial court's opinion. ***See*** Trial Ct. Op., 12/1/15, at 1-2. On December 16, 2014, following a hearing, the court revoked Appellant's probation and sentenced him to an aggregate sentence of five to ten years' imprisonment. On December 24, 2014, Appellant filed a timely motion for reconsideration of his violation-of-probation sentence. The court, on December 30, 2014,

---

[*] Former Justice specially assigned to the Superior Court.

vacated the sentence pending a hearing on Appellant's post-sentence motion.

The court held a hearing on July 16, 2015, and initially indicated the purpose of the hearing was to address Appellant's post-sentence motion. N.T., 7/16/15, at 2. Appellant's counsel, however, stated that the hearing was for a violation but later noted the court had vacated the prior aggregate sentence of five to ten years' imprisonment. *Id.* at 2-3. The court also acknowledged granting Appellant's counsel's December 24, 2014 post-sentence motion. *Id.* at 11. After arguments, the court again sentenced Appellant to an aggregate sentence of five to ten years' imprisonment. *Id.* at 14. The court, however, did not enter or docket a written sentencing order. Appellant did not file another post-sentence motion.

Appellant, while represented by counsel, filed a *pro se*, timely notice of appeal[1] on August 11, 2016.[2] On September 2, 2016, the trial court served Appellant's counsel an order directing counsel to comply with Pa.R.A.P. 1925(b). Counsel filed a motion to withdraw on September 9, 2015, which the court denied on October 5, 2015. The court, in its October 5, 2015

---

[1] The *pro se* notice of appeal is valid although counsel was representing Appellant. **Cf. Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011) (holding defendant's premature *pro se* notice of appeal valid despite being represented by counsel and given unique procedural posture of case).

[2] **See generally Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

order, again instructed counsel to comply with Rule 1925(b). Appellant's counsel timely filed a Rule 1925(b) statement, which challenged the discretionary aspects of Appellant's sentence. Appellant's counsel filed a petition to withdraw with this Court. Appellant did not file a *pro se* response or another counseled brief.

We first examine whether Counsel complied with the requirements of ***Anders*** and ***Santiago***.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].
>
> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant

- 3 -

> deems worth of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted). If counsel complies with these requirements, "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Id.* at 882 n.7 (citation omitted).

Instantly, counsel's petition avers he undertook "a conscientious examination of the record" and concludes the appeal is "wholly frivolous." Mot. Seeking Permission to Withdraw as Counsel, 2/19/16, at 2 (unpaginated). Counsel informed Appellant of his conclusion by letter dated February 18, 2016, which attached counsel's motion to withdraw. The letter informed Appellant of his right to retain new counsel or to proceed *pro se* and raise any additional arguments for this Court's consideration. *Id.* at Ex. 1. Counsel provided Appellant with a copy of the *Anders* brief, which includes a summary of the proceedings and facts of the case, pertinent law, and a discussion explaining why Appellant's issues lack merit. Counsel concluded that he could not discern any non-frivolous issues. *Id.* We hold Counsel has complied with the mandates of *Santiago*, and we proceed to our independent analysis. *See Orellana*, 86 A.3d at 879-80.

The *Anders* brief raises the following issue:

> Whether there are any issues of arguable merit that could be raised on direct appeal presently before this Court and whether the appeal is wholly frivolous?

***Anders*** Brief at 3.[3]  The brief also addresses whether Appellant's sentence was excessive and concludes Appellant waived the issue by failing to file a second post-sentence motion and preserve the issue in the Rule 1925(b) statement.[4]  ***Id.*** at 10.  Appellant has not raised any additional issues.

This Court has stated that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right.  Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

---

[3] Appellant did not file an additional counseled or *pro se* brief.

[4] As noted above, however, Appellant preserved the issue in the Rule 1925(b) statement.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted). We add that a vacated sentence is a legal nullity. *Commonwealth v. Wilson*, 934 A.2d 1191, 1196 (Pa. 2007).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

*Commonwealth v. Googins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

Instantly, the court, in response to Appellant's initial post-sentence motion for reconsideration, vacated Appellant's sentence, rendering it a legal nullity. *See Wilson*, 934 A.2d at 1196. At the second sentencing hearing, the court subsequently imposed the same sentence and Appellant timely appealed. *See Evans*, 901 A.2d at 533. Appellant, however, did not file a post-sentence motion or otherwise raise the issue at the second hearing. *See id.* Appellant, therefore, has waived the issue.[5] *See Evans*, 901 A.2d at 533-34. Accordingly, we deny Appellant permission to appeal. Our independent review of the record reveals no other issue of arguable merit.

---

[5] Counsel also failed to include a Rule 2119(f) statement in the *Anders* brief but that alone does not preclude review. *See Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016).

*See Santiago*, 978 A.2d at 355 n.5. We conclude that the appeal is frivolous and grant counsel's petition for leave to withdraw.

Counsel's petition for leave to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016

FILED

DEC 01 2015

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    CP-51-CR-0203011-2005

                   : 

                   : 

         v.                : 

                   :    2542 EDA 2015

                   : 

      Sergio JACOBS

MEANS, J.                             November 30, 2015

**OPINION**



CP-51-CR-0203011-2005 Comm. v. Sergio, Jacobs
Opinion

7376258671

**FACTUAL AND PROCEDURAL HISTORY**

On September 16, 2014, while on this Court's probation for Robbery and related offenses,

Defendant, Sergio Jacobs (aka Jacobs Sergio), pled guilty to Aggravated Assault and Possession

of a Firearm. At a Violation of Probation ("VOP") hearing on December 16, 2014, this Court found

Defendant to be in violation of his probation. As a result of this violation, this Court sentenced

Defendant to two and one half (2 ½) to five (5) years incarceration for the charges of Possessing

an Instrument of a Crime and Terroristic Threats, to be served consecutively to one another and to

any other sentence the Defendant is serving.

Defendant subsequently filed a Motion for Reconsideration of Sentence. Following a

hearing on July 16, 2015, this Court denied Defendant's motion. On August 11, 2015, Defendant

filed a Notice of Appeal to the Superior Court of Pennsylvania. On September 2, 2005, this Court

ordered Defendant, through counsel, to file a Concise Statement of Matters Complained of on

Appeal. On September 9, 2015, counsel filed a Motion to Withdraw Representation, which was

1

denied by this Court for lack of jurisdiction on October 5, 2015, and which time counsel was re-ordered to file a Concise Statement of Matters Complained of on Appeal. On October 23, 2015, Defendant, through counsel, filed a Concise Statement of Matters Complained of on Appeal, alleging that this Court erred in failing to consider the rehabilitative needs of Defendant when imposing its sentence.

## LEGAL ISSUES

Because this case involves a Violation of Probation, the only grounds for appeal are that: (i) the Court lacked jurisdiction to impose a sentence, or (ii) that the sentence imposed was illegal or excessive. Commonwealth v. Infante, 585 Pa. 408, 419, 888 A.2d 783, 790 (Pa. 2005) (holding that "the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation").

### A. Jurisdiction

It is clear that this Court had jurisdiction to impose a sentence upon the Defendant. The original charges were felony matters, which occurred in the City of Philadelphia, and were tried before a duly elected judge. The subsequent Violations of Probation also occurred in the city of Philadelphia. Dkt. CP-51-CR-0025523-2010. Therefore, lack of jurisdiction cannot serve as grounds for appeal in this matter. See generally, Commonwealth v. Bethea, 574 Pa. 100, 828 A.2d 1066 (2003).

2

*B. Legality of Sentencing*

The imposition of sentence following the revocation of probation "is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." Commonwealth v. Smith, 669 A.2d 1008, 1011 (Pa. Super. 1996). A sentencing court has not abused its discretion "unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996); see also Commonwealth v. Wallace, 870 A.2d 838 (Pa. 2005).

Upon revocation of probation, a sentencing court possesses the same sentencing options that it had at the time of initial sentencing. 42 Pa. C.S.A. § 9771(b); E.g. Commonwealth v. Pierce, 441 A.2d 1218 (Pa. 1982); Commonwealth v. Wallace, 870 A.2d 838 (Pa. 2005). The trial court may impose total confinement if one of three conditions is met:

    i. defendant has been convicted of another crime;
    ii. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
    iii. such a sentence is essential to vindicate the authority of the court.

42 Pa. C.S.A. § 9771(c).

Defendant has been convicted of another crime, and his conduct clearly indicates that he will likely commit another crime if he is not imprisoned. Defendant, while on this Court's probation for a serious, violent offense, pled guilty to yet another serious, violent offense. Specifically, Defendant pled guilty to Aggravated Assault after shooting another man in the neck at close range. N.T. 12/16/2014 at 11. At his reconsideration hearing, Defendant attempted to excuse his actions by stating that he did not intend to violate his probation, and that, had he realized he was on this Court's probation, he would not have accepted the plea deal offered on his

3

Aggravated Assault case. At no time during his reconsideration hearing or his original VOP hearing did the Defendant express any remorse for his actions. As such, this Court determined that a significant period of incarceration was necessary to protect the public from the Defendant. The sentences imposed were well within the statutory limits for the relevant offenses.

Accordingly, because this Court imposed a sentence within the statutory maximum it did not impose an illegal or excessive sentence.

## CONCLUSION

Based on the above reasons, the judgment of this Court should not be disturbed.

BY THE COURT:

MEANS, J

4