J-S03027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN A. SEIF, SR. | : | |
| | : | |
| Appellant | : | No. 756 WDA 2021 |

Appeal from the Judgment of Sentence Entered May 13, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010893-2017

BEFORE: LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: MARCH 25, 2022**

Shawn A. Seif, Sr., appeals from the judgment of sentence imposed following the entry of his guilty pleas to aggravated assault, endangering the welfare of children, unlawful restraint, simple assault, aggravated indecent assault (two counts), indecent assault, and strangulation.[1] We affirm.

In 2017, Seif strangled and sexually assaulted his former paramour and physically assaulted one of her minor children.[2] He was arrested and charged

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(2), 4304, 2902(a)(1), 2701(a)(1), 3125, 3126(a)(2), 2718(a)(1).

[2] The details of Seif's crimes are not relevant to our disposition of the issues raised in this appeal. This Court previously provided a description of those facts. **See Commonwealth v. Seif**, 240 A.3d 918 (Pa. Super. 2020) (unpublished memorandum at *1-2).

with numerous violations of the Crimes Code. On February 27, 2018, Seif entered guilty pleas to the crimes listed above. On May 21, 2018, the Honorable Mark V. Tranquilli imposed an aggregate prison sentence of seven and one-half to fifteen years.

Seif appealed his judgment of sentence to this Court arguing, *inter alia,* that his convictions for unlawful restraint and strangulation should have merged for sentencing purposes. This Court concluded that the crimes of unlawful restraint and strangulation do not merge for sentencing purposes because both crimes include element(s) that the other crime does not. This Court nevertheless vacated Seif's judgment of sentence on other grounds and remanded for re-sentencing.

On remand, the case was reassigned to the Honorable Bruce R. Beemer for re-sentencing. On May 13, 2021, Judge Beemer conducted a re-sentencing hearing and thereafter imposed an aggregate prison sentence of seven and one-half to fifteen years.[3] Seif filed a timely post-sentence motion which Judge Beemer denied. Seif filed a timely notice of appeal, and both he and the re-sentencing court complied with Pa.R.A.P. 1925.

On appeal, Seif raises the following issues for our review:

1. Whether . . . Seif's sentence . . . [for] unlawful restraint is illegal when it should have merged, for sentencing purposes, with the sentence [for] . . . strangulation?

_____

[3] Relevantly, the re-sentencing court imposed a sentence of five years' probation for unlawful restraint and eight to sixteen months' imprisonment for strangulation.

2. Did the [re-]sentencing court abuse its sentencing discretion by imposing an excessive sentence that ignored . . . Seif's rehabilitative needs?

Seif's Brief at 6 (some capitalization omitted).

In his first issue, Seif claims that two of his convictions should have merged for sentencing purposes. Such a claim implicates the legality of sentence. *See Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa. Super. 2007) (*en banc*). As the issue raises a question of law, "our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Williams*, 920 A.2d 887, 888-89 (Pa. Super. 2007) (*quoting Commonwealth v. Jones*, 912 A.2d 815, 816 n.1 (Pa. 2006)).

Our legislature has provided that:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Thus, merger is prohibited unless two distinct facts are present: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other. *See Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

Seif asserts that the Commonwealth did not establish that his convictions for unlawful restraint and strangulation arose from separate acts,

- 3 -

or that these crimes have different elements. As explained above, Seif asserted the same illegal sentencing/merger claim in his prior appeal from Judge Tranquilli's 2018 sentence. *See Seif*, 240 A.3d 918 (unpublished memorandum at *3, 5). In that appeal, this Court considered and rejected Seif's merger claim. *Id*. (unpublished memorandum at *5-7). In relevant part, this Court held that both offenses require an element that the other does not. Specifically, this Court determined that strangulation does not require proof of the risk of serious bodily injury, which is an element of unlawful restraint. *Id*.[4] This Court further concluded that unlawful restraint does not require proof of impeding the breathing or circulation of the blood of another person, which is an element of strangulation. *Id*.[5] As this Court has previously decided that Seif's convictions for unlawful restraint and strangulation do not merge for sentencing purposes, the law of the case doctrine bars this panel from reconsidering the matter. *See Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (holding that an appellate court may not alter the resolution of a legal question previously decided by the same appellate court). For this reason, Seif's first issue merits no relief.

In his second issue, Seif asserts that his sentence is excessive because his rehabilitative needs were not adequately considered. This claim implicates

---

[4] *See* 18 Pa.C.S.A. § 2718(a)(1).

[5] *See* 18 Pa.C.S.A. § 2902(a)(1).

- 4 -

the discretionary aspects of Seif's sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue:

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Id***. at 170 (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***See Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997); ***see also Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Seif filed a timely notice of appeal, preserved his claims in a timely post-sentence motion, and included in his appellate brief a separate Rule 2119(f) statement. As such, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. ***See Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to review the Rule 2119(f) statement to determine whether Seif has presented a substantial question for our review.

In his Rule 2119(f) statement, Seif points out that Judge Beemer imposed a sentence that was consistent with Judge Tranquilli's 2018 sentence

and this Court's directives on remand from the prior appeal. However, after noting this consistency, Seif devotes the remainder of his Rule 2119(f) statement to a claim that **Judge Tranquilli** abused his discretion when imposing Seif's 2018 sentence.[6] Indeed, Seif provides a lengthy description of the arguments made and mitigating evidence adduced at the May 21, 2018 sentencing hearing, and argues that Judge Tranquilli failed to consider his rehabilitative needs when imposing Seif's 2018 sentence.[7]

Significantly, the only sentence properly before this Court is Judge Beemer's May 13, 2021 sentence.[8] Seif makes no reference in his Rule 2119(f) statement to the sentencing hearing that Judge Beemer conducted on that date, or the arguments made and mitigating evidence introduced at that hearing. Moreover, Seif fails to make any assertion in his Rule 2119(f)

_____

[6] **See, e.g.**, Seif's Brief at 28 (stating that "this argument remains focused on Judge Tranquilli's original sentencing proceedings").

[7] We are mindful that a claim that a court imposed an excessive sentence and failed to consider a defendant's rehabilitative needs presents a substantial question. **See Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015). However, Seif does not present any claim in his Rule 2119(f) statement that, when imposing the May 13, 2021 sentence at issue in this appeal, Judge Beemer failed to consider his rehabilitative needs.

[8] Because this Court previously vacated Judge Tranquilli's 2018 sentence, it is a legal nullity. **See Commonwealth v. Wilson**, 934 A.2d 1191, 1192-93 (Pa. 2007) (holding that when appellant's original sentence was vacated, the sentence was rendered a legal nullity); **see also Commonwealth v. Johnson**, 967 A.2d 1001, 1006 (Pa. Super. 2009) (holding that when a sentence is vacated, the defendant is restored to the status of unsentenced).

statement that **_Judge Beemer_** abused his discretion by failing to consider Seif's rehabilitative needs when imposing Seif's 2021 sentence.[9] Because Seif has not raised in his Rule 2119(f) statement a substantial question regarding Judge Beemer's 2021 sentence, we deny Seif's petition for permission to appeal the discretionary aspects of that sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/25/2022

---

[9] We are also mindful that an appellant may raise a substantial question when he asserts that the re-sentencing court relied on a prior court's determination and failed to conduct an independent review of the evidence presented at re-sentencing. **_See Commonwealth v. Serrano_**, 150 A.3d 470, 472-73 (Pa. Super. 2016).  However, Seif did not assert in his post-sentence motion, his 1925(b) statement, or in his 2119(f) statement that Judge Beemer failed to conduct an independent review of the evidence presented at re-sentencing.